|  |  |
|---|---|
| 53 | 163 |
| 110 | 181 |
| 53 | 163 |
| 141 | ⁵343 |

GARDNER H. DAVIS v. LENAWEE COUNTY SAVINGS BANK.

*Banks—Deposits in another's name.*

1. A depositor's contract with his banker is not materially different from any other contract by which one person becomes bound to take charge of and repay another's funds:

2. A bank will be protected, as against the depositor, in paying out money on such terms as he has authorized.

3. A depositor contracting with a bank for the care of his money can control his funds until he has disposed of them, no matter in what name the account is kept, so long as it is understood to be his account and has not been put beyond his control by some act that he cannot revoke. And if the contract is unwritten, its terms and character can be shown by testimony. It is not determined by the bank book, which only shows the state of the funds.

4. Placing money or property in another's name is not in itself an irrevocable gift to him ; much less is an arrangement for convenience between a bank and a depositor whereby the latter deposits his own money in the name of a third person but subject to his own check.

5. In every action at law upon a contract the contest must be between the two alleged contracting parties ; a beneficiary's right to resort to the equitable action for money had and received exists only where the parties to the contract have given him such a right as transfers the fund to his control.

6. Where it is proper for a person suing a bank for the amount of a deposit which he made in another's name but claims as belonging to himself, to prove his title to it, he may properly show everything connected with the origin and history of the deposit, and the other person's statements in derogation of his own interest.

Error to Lenawee.    (Howell, J.)    Feb. 7.—March 6.

Assumpsit.    Defendant brings error.    Affirmed.

*Millard, Weaver & Weaver* for appellant. Money when deposited in a bank becomes its property and the depositor merely becomes a creditor of the bank for that amount: *Marine Bank v. Fulton Bank* 2 Wall. 252 ; *Keene v. Collier* 1 Metc. (Ky.) 415 ; *Com. Bank v. Hughes* 17 Wend. 94 ; *Graves v. Dudley* 20 N.Y. 76 ; *Marsh v. Oneida Cent. Bank* 34 Barb. 298 ; *Lund v. Seamen's Savings Bank* 37 Barb. 129 ; *Bank Northern Liberties v. Jones* 42 Penn. St. 536 ; *Wray v. Tuskegee Ins. Co.* 34 Ala. 58 ; *Robinson v. Gardiner* 18 Grat. 509 ; *Coffin v. Anderson* 4 Blackf. 395 ; *Boyden v. Bank Cape Fear* 65 N. C. 13 ; *Chapman v. White* 6 N. Y. 412 ; *Ellis v. Linck* 3 Ohio St. 66 ; *Matter of Franklin Bank* 1 Paige 249 ; *Downes v. Phœnix Bank* 6 Hill 297 ; *Perley v. Muskegon* 32 Mich. 135 ; money deposited by an agent in his own name with his own money, cannot be identified, and is to be regarded as his own in a litigation between his principal and a third person : *Beatty v. McCleod* 11 La. Ann. 76 ; a bank may apply a deposit as the depositor's private property if it has no notice that it is a trust

fund: *School Dist. v. First Nat. Bank* 102 Mass. 174; where a depositor deposits in another's name he cannot show, in suing for it, that he meant to retain ownership of the credit: *Coffin v. Henshaw* 10 Ind. 277; *Bates v. Brockport Bank* 23 Hun 420; *Fuller v. Randall* 1 Gray 608; *Clark v. Clark* 108 Mass. 522; *Fisk v. Cushman* 6 Cush. 20; *Howard v. Windham County Savings Bank* 40 Vt. 597; *Adams v. Bracket* 5 Met. 280; *Ames v. Chew* id. 320; *Steinback v. State* 38 Ind. 483; *Sims v. Brittain* 4 B. & Ad. 375.

*Bean & Underwood* for appellee. Depositing money in the name of another does not necessarily vest title in the latter: see *Det. Sav. Bank v. Burrows* 34 Mich. 163; *Burtnett v. Corunna Bank* 38 Mich. 631; *Van Alen v. Amer. Nat. Bank* 52 N. Y. 1; *Overseers v. Bank of Virginia* 2 Grat. 544; *Frith v. Cartland* 2 Hem. & Mil. 417; *McCluskey v. Prov. Sav. Inst.* 103 Mass. 300; *Brabrook v. Bost. Five Cent Sav. Bank* 104 Mass. 228; *Taylor v. Henry* 48 Md. 550; *First Nat. Bank of Lock Haven v. Mason* 95 Penn. St. 113.

CAMPBELL, J. Davis sued the defendant bank for a balance on deposit, and the suit was defended on the ground that the money belonged to his deceased wife. He recovered judgment, and defendant brings error.

The facts on which the controversy turned were substantially these: In 1872 plaintiff desired to open an account on his own behalf, and on applying to the bank was told he had already one account in his name, and therefore, by their usages, could not open another. The account already opened was for money belonging to his mother, deposited in his name for convenience. It was suggested to him that he might deposit his own money in an account kept in the name of his wife, subject to his own draft, and the account was so opened, and added to from time to time until it left a balance of about $1900 standing, when his wife died in 1882. After her death the bank refused to recognize his right to the money, and he brought this suit to recover it.

A number of minor questions were raised concerning the introduction of testimony and upon some other rulings, but, in our opinion, they become unimportant. If it was proper

for plaintiff to show title in himself to the money in question, we can see no reason why he could not show all of the circumstances connected with the origin and history of the deposit, and his wife's statements in derogation of her interest. And in like manner, if this theory was made out, we can see no reason for considering the rulings on any but the main question, upon which they all really turn.

The argument was full, and covered a great deal of ground, but, in our view, the merits of the suit lie within a very narrow compass. The contract of a depositor with his banker does not differ in any material way from any other contract, whereby one person becomes bound to take charge of and repay another's funds. As between banker and depositor, there can be no doubt that the bank will be protected in paying out money in such way and on such terms as the depositor has authorized. And, on the other hand, where a contract is not in writing, it is equally clear that its real character and terms may be made out by testimony, and that the contracting party can lawfully control his own funds until he has disposed of them, and that it can make no difference in what name the account is kept, if it is understood to be his account, and has not been put beyond his control by some act which he cannot revoke.

In the present case the testimony does not tend to show that the bank ever contracted with anybody but plaintiff, or received funds on this account which were not his funds. The case he made out, and which the jury must have found true, was that, while deposited in the wife's name, it was not intended to be for her benefit, or to be beyond the husband's right to withdraw. Any idea of a gift to her was clearly negatived. Her name was only another form for his name, and so agreed. The bank-book is no contract, and is only one of the means of indicating the state of the funds. Whatever presumptions may arise from it, and whatever protection may be given to acts innocently done on that presumption, it cannot exclude explanatory evidence. The contract was made with plaintiff, and with no one else, and the bank is answerable to him to fulfill that contract.

There is no principle of law which makes the mere placing of money or property in another's name an irrevocable gift to that person. But this arrangement falls short of even this, because in law it was merely a contract between two persons that one should open an account in the name of a third person, the original depositor having a reserved right to draw the sums credited. At common law no one could sue on an express contract, except the parties to it. Under the equitable action for money had and received, a beneficiary may sometimes sue, but this can only be where the parties have given him such a right as transfers the fund to his control. The money belonging to one person cannot cease to belong to him until he does some act to dispose of it. The cases heretofore determined in this Court are stronger cases than the present in favor of plaintiff's rights: see *Burtnett v. First National Bank of Corunna* 38 Mich. 630, and *Detroit Savings Bank v. Burrows* 34 Mich. 153. In the former case the bank had no dealings whatever with the plaintiff, but held his money deposited by an agent in his own name. In the latter it was understood that the wife, in whose name the money was deposited, was to draw all the checks, but they were to be payable to the husband's order, which made the case more analogous to the present. In both the question was treated as one of fact. The decisions referred to in the opinions in those cases, as well as in the arguments, sustain that doctrine.

The suggestion that the estate of Mrs. Davis is not represented in the cause has no force. In every action at law upon a contract the contest must be between the two alleged contracting parties, and if the contract and its breach are made out, the prevailing party must have judgment. The case is, in our opinion, a very plain one.

The judgment must be affirmed.

The other Justices concurred.