# Anniston National Bank *v.* Howell.

*Action for Money Had and Received.*

1. *Banking*; *making deposit in another's name*; *admissibility in evidence of instructions made at the time of deposit.*—In an action against a bank for money had and received, where the evidence shows that the plaintiff's husband had, out of his own funds, made a deposit in the bank in plaintiff's name and received a pass book with the account stated in her name, as a depositor, and it is further shown that the husband had checked out the money without the plaintiff's authority, evidence that at the time of making the deposit, the husband instructed the bank to honor either his or his wife's (the plaintiff's) check on said money, is admissible; such evidence showing that there was no such completed transfer of the money deposited from the husband's absolute ownership and dominion to that of his wife, as would prevent the bank from carrying out the instructions given at the time of making the deposit.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action for money had and received, brought by the appellee, Mrs. S. C. Howell, against the appellant, the Alabama National Bank; and sought to recover money which had been deposited in the defendant's bank. The facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence the court rendered judgment for the plaintiff. The defendant appeals, and assigns as error, among other rulings of the court, the rulings upon the evidence as shown in the opinion, and the rendition of judgment for the plaintiff.

J. J. WILLETT, for appellant.—Although a banker marks a credit in a customer's pass book "Special Deposit," it may be shown that the deposit is a general one.—*Carr v. State*, 104 Ala. 44; 2 Morse on Banks, (3d ed.), 568. The mere fact that one deposits money in the name of another, or in his own name in trust for

another, is not conclusive evidence of a valid gift, and in some cases it is held not sufficient, without further evidence of the intention of the depositor, to carry with it the title to the fund. Such deposits are frequently made without any intention of making a gift of the deposit, but for the convenience of the depositor.—8 Amer. & Eng. Encyc. of Law, 1325 ; *Cogswell v. Newburyport Institution for Savings,* 165 Mass. 524 ; 43 N. E. Rep. 296 ; *Skillman v. Weigand,* (N. J. Chancery), 33 Atlantic Rep. 929 ; *Cooney v. Ryter,* (La.) 15 Southern Rep. 382 ; *Tygard v. McComb,* 54 Mo. App. 85 ; *In re Bolin,* 136 N. Y. 177 ; 32 N. E. Rep. 626 ; *Matthews v. Hoagland,* (N. J.) 21 Atlantic Rep. 1054 ; *Dougherty v. Moore,* (Maryland), 18 Atlantic Rep. 35 ; *Daniel v. Smith,* (California), 17 Pacific Rep. 683.

The instructions given to the bank at the time of making the deposit are admissible in evidence as tending to show the character of the deposit.—Authorities *supra* ; 8 Amer. & Eng. Encyc. of Law, p. 1336 ; 2 Morse on Banks, (3d ed.), p. 950, § 611 ; *Cogswell v. Newburyport Inst. Sav.,* 165 Mass. 524 ; s. c. 43 N. E. Rep. 296 ; *Skillman v. Weigand,* (N. J. Ch.), 33 Atl. Rep. 929 ; *In re Bolin,* 136 N. Y. 177.

D. D. McLEOD, *contra.*—Entries in bank books and their pass books, when made by proper officers, are *prima facie* true as stated, and import debits and credits as stated, and bind the bank like any other receipt.—2 Amer. & Eng. Encyc. of Law, 102, *et seq* ; *Weisinger v. Bank of Gallatin,* 10 Lea (Tenn.) 330 ; 3 Amer. & Eng. Corp. Cases, 248. The pass book or memorandum issued by a bank to the depositors to be carried back and forth by them, is evidence to show the amount of plaintiff's money received by the bank.—21 Amer. & Eng. Encyc. of Law, 729, note 2.

The declarations made by the husband of the plaintiff at the time of making the deposit were not admissible in evidence.—*Tanner v. L. & N. R. R. Co.,* 60 Ala. 621 ; *A. G. S. R. R. Co. v. Hawk,* 72 Ala. 112 ; *M. & C. R. R. Co. v. Maples,* 63 Ala. 601.

HEAD, J.—The weight of the evidence in this case is decidedly to the effect, that the two sums of money deposited in the bank by B. F. Howell, in his wife's name,

and for the recovery of which the wife now sues the bank, were, at the times of such deposits, the money of B. F. Howell, and that he used his wife's name as a depositor for the purpose of shielding the money from the claims of his creditors. The sums were deposited in her name, and a pass book delivered to B. F. Howell, made out in the usual form, with the account stated in her name, as a depositor, except that it had written on the face of the account the words, "Special deposit." The evidence shows that afterwards, and before the death of B. F. Howell, this pass book was in the possession of Mrs. Howell, the plaintiff. These facts, standing alone, would show an absolute gift of the money by the husband to the wife ; and without more, the husband would not thereafter have been authorized to check the money out of the bank, without some further lawful authorization proceeding from Mrs. Howell.

But, the defendant proposed to prove by its president, Mooring, that "it was B. F. Howell's instructions to the bank at the times he made the deposits, for the bank to honor either his or Mrs. Howell's check on this money." On objection by the plaintiff, the court refused to allow this proof to be made. This ruling was vitally erroneous. The husband in his lifetime, and before this suit was brought, checked out all of this money, except a small sum, which the plaintiff herself afterwards checked out, and the question at issue is as to the authority of Howell to check upon the account. If the deposits were made by him, of his own funds, as we find they were, and if at the time of such deposits, and as a part thereof, he instructed the bank to honor either his own or his wife's checks on the same, most clearly there was no such completed transfer of the money from the absolute ownership and dominion of Howell to that of his wife, as would prevent the bank from carrying out the instructions coupled with the making of the deposits. This evidence ought to have been allowed, and the judgment must be reversed on account of its rejection.

In the view we take of the evidence, as presented by the bill of exceptions, we do not think the other exceptions reserved on the trial, are of any material importance, and we do not specially consider them.

For the error mentioned the judgment is reversed and the cause remanded.

Reversed and remanded.