(April 24, 1901.)

## GREENE v. BANK OF CAMAS PRAIRIE.

[64 Pac. 888.]

DEPOSIT IN BANK BY ONE PERSON IN NAME OF ANOTHER—TERMS OF DEPOSIT—ADMISSION OF EVIDENCE.—When, by the terms of a contract of deposit, money is received on deposit in the name of the daughter of the depositor, with the agreement that he, the depositor, may draw such deposit on checks signed by him, and he does draw the money so deposited on checks so signed, the daughter cannot hold the bank for the money so deposited and drawn out. It is not error to allow the cashier of the bank to testify to the terms of said deposit agreement, although the person with whom it was made be dead.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

Lycurgus Vineyard, for Appellant.

The name in which the deposit stands on the books of the bank is known throughout every transaction connected with such deposit as the depositor; and the moment such deposit is made, then there is established coinstanter the relation of debtor and creditor between the bank and the depositor; and if paid out by the bank without authority of the depositor the bank makes such payment at its peril, and the depositor may sue and recover such deposit from the bank. (2 Daniel on Negotiable

Instruments, secs. 1612, 1612a, 1638.) This deposit made in the absence of the plaintiff and without her knowledge was a contract made by her father with the bank for her benefit, though no consideration moved to the plaintiff. (*Austin v. Roberts,* 26 Iowa, 324; 2 Greenleaf on Evidence, sec. 109; 2 Daniel on Negotiable Instruments, sec. 1640; *Janin v. London & San Francisco Bank,* 92 Cal. 14, 27 Am. St. Rep. 82, 27 Pac. 1100; *Honig v. Pacific Bank,* 73 Cal. 464, 15 Pac. 58.) The trial court allowed the cashier of the defendant bank, over the objection and exception of plaintiff, to testify to what he claimed to be declarations and statements of A. D. Greene, now deceased, as to what was said by him at the time said deposit was made by him in the name of the plaintiff, which declarations were taken as testimony, and made to prove that the deposit belonged to A. D. Greene. (1 Greenleaf on Evidence, secs. 147, 148; 2 Jones on Evidence, sec. 327; *Brown v. Chase,* 98 U. S. 254.) Before the declarations of a person since deceased can be admitted as part of the *"res gestae"* such declarations must be against the "pecuniary or proprietary interest of the declarant" and where there is no interest on the part of the declarant to misrepresent. (*Bartlett v. Patton,* 33 W. Va. 71, 10 S. E. 21; *Hosford v. Rowe,* 41 Minn. 247, 42 N. W. 1018; *Kyle v. Kyle,* 15 Ohio St. 19, 20, cited in 59 Am. Dec. 610.)

W. N. Scales, for Respondent.

It is well settled that in nearly all respects the relationship between the bank and the depositor is that of simply debtor and creditor. (1 Morse on Banks and Banking, sec. 289, p. 288; 2 Morse on Banks and Banking, secs. 432, 711, 712, pp. 432, 713; *Brown v. Kingsley Exchange Bank,* 51 Kan. 359, 32 Pac. 1113.) The depositor in whatsoever capacity he may have opened his account with bank, is the person entitled to withdraw the money deposited, although he may be required to make his checks conform to the terms of the deposit. (3 Am. & Eng. Ency. of Law, 2d ed., p. 831; *Branch v. Dawson,* 36 Minn. 193, 30 N. W. 545, cited in 3 Am. & Eng. Ency. of Law, note, "Deposits in Name of Another," p. 832; *Davis v. Lenawee County Sav. Bank,* 53 Mich

163, 18 N. W. 629; *Cunningham v. Davenport,* 147 N. Y. 43, 49 Am. St. Rep. 641, 41 N. E. 412, 32 L. R. A. 373, and the exhaustive note thereunder.) Counsel says the conversation of A. D. Greene, with W. W. Brown, cashier of respondent, is hearsay testimony and incompetent. This contention, it would appear, reveals its fallacy, in its recital. This conversation is part of the *res gestae.* (2 Jones on Law of Evidence, sec 347 et seq.; *Ohio etc. Ry. Co. v. Stein,* 133 Ind. 243, 31 N. E. 180, 32 N. E. 831, 19 L. R. A. 733; 3 Am. & Eng. Ency. of Law, 2d Ed., p. 840, subd. 4: 1 Morse on Banks and Banking, 3d ed., sec. 290, p. 501.)

SULLIVAN, J.—This action was brought by the appellant to recover from the respondent the sum of $285, with interest and costs of suit. It is alleged in the complaint that the father of the appellant deposited said sum with the respondent corporation to appellant's credit, and that the respondent then and there agreed to hold and safely keep said sum of money subject only to the personal check of the appellant, and that respondent had failed and refused to so pay the same. The answer denied the material allegations of the complaint, and, as a separate defense, averred that A. D. Greene who was the father of appellant, did deposit with the respondent $285, for the use and benefit of said A. D. Greene and to his credit, and subject only to his check or order, and that said sum of money had been fully paid to said A. D. Greene long prior to his death, and long prior to the time that appellant made any claim or demand thereto. The cause was tried by the court without a jury, and judgment was entered in favor of respondent. This appeal is from the judgment and order denying a new trial.

The record shows that during the lifetime of A. D. Greene, the father of appellant, he deposited with the respondent bank $285. Over the objection of counsel for appellant, the cashier of the respondent bank was permitted to testify to the conversation that took place between him and said Greene at the time said deposits were made. He testified that said Greene came into the bank and said he desired to make a deposit of some money, and stated that there were some judgments against

him; that he thought, if he deposited the money in his own name, it might be attached, and asked if he might make the deposit in the name of his daughter, who is the appellant, and asked what the cashier thought of it. The cashier told him that he thought it could be held on attachment under those circumstances, but that, if said Greene thought best to make the deposit in his daughter's name, the bank would accept it. And the cashier also said that he did not think it would be attached as long as it was not in his (Greene's) name. And the cashier then agreed that he might make the deposit in the name of the appellant, and that the money would be paid out on checks signed by him. The money was then deposited in the name of appellant. The money was paid out on checks of the father; that is, on checks signed, "Aileen Greene, per A. D. Greene," with the exception of one check—a memorandum check—which was drawn by the cashier under the following circumstances: A. D. Greene telephoned the bank to pay his taxes, amounting to twenty-five dollars and thirty-three cents. Thereupon the cashier drew a check for that amount, signed it, paid the taxes, and attached a tax receipt thereto. The entire deposit of $285 was paid out on said checks. The first time the bank had any knowledge that the appellant claimed said money was some time after her father's death, and after the money had all been paid out. The appellant met the cashier in the post office, and stated to him that she had checks and a statement showing that money had been deposited in the bank for her, and she then asked the cashier why he had paid the money on checks drawn by her father. He explained why he had done so, as above set forth, and that was the first time he heard she knew anything about said deposit. The court found against the appellant on every material issue, and we think the evidence fully supports the findings of fact.

Was it error to allow the cashier of respondent to testify to the conversation that took place between him and the father of appellant at the time the father made the deposit, which conversation showed the terms upon which said deposit was made? We know of no rule of law that would prohibit such evidence. This is not a suit against the estate of a deceased person, and

the bank had the right to show the condition on which said money was deposited. The evidence clearly shows that said money was not deposited to the credit of appellant for her use and benefit, but was deposited for the use and benefit of her father. Appellant knew nothing of said deposit until after her father's death, and after he had drawn all of it. She was not a party or a privy to the deposit, and it was made with the distinct agreement that it might be drawn out by the father. The appellant's contention is that, as the deposit was made in her name, it became hers; but reason, justice and authority are against her. In *Davis v. Lenawee Co. Sav. Bank,* 53 Mich. 163, 18 N. W. 629, it is held as follows: "A depositor contracting with a bank for the care of his money can control his funds until he has disposed of them, no matter in what name the account is kept, so long as it is understood to be his account, and has not been put beyond his control by some act that he cannot revoke." (See, also, 3 Am. & Eng. Ency. of Law, 2d ed., pp. 832, 834.) This deposit was made under a distinct agreement that it should be kept under the control of the depositor. There was no intent to put it to the credit of the appellant for her use and benefit, and, under the facts of this case, the grossest injustice would be done, to require the bank to pay the amount of said deposit to the appellant. We fail to find any reversible error in the record. The judgment is affirmed, with costs of this appeal in favor of respondent.

Quarles, C. J., and Stockslager, J., concur.

### ON REHEARING.

#### (May 14, 1901.)

QUARLES, C. J.—The appellant has filed a petition for rehearing in this cause. A careful consideration of the same fails to convince us that the decision in this case is incorrect in any particular, and a rehearing is denied.

Sullivan and Stockslager, JJ., concur.