# First National Bank of Montgomery v. Taylor.

*Action of Assumpsit to recover Money deposited in Bank.*

1. *Deposit of money in bank by husband in name of wife; when cannot be drawn out by wife.*—Where a husband deposits money in a bank in the name of his wife, receiving a book showing that an account was opened in the name of the wife, and that she was credited with the amount of the deposit, and at the same time he delivered to the bank a signature card which contained the direction in the name of the wife, that in the payment of funds and other transactions the signature to be recognized by the bank was the name of the wife per the husband making the deposit, upon the death of said husband, the wife cannot draw out the money remaining on deposit on check bearing her signature, nor can she recover such money in a suit against the bank.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This action was brought by the appellee, Mrs. D. E. Taylor, against the First National Bank. The purpose of the suit and the facts of the same are sufficiently stated in the opinion. The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff. The defendant appeals and assigns as error the rendition of such judgment.

Horace Stringfellow, for appellant.—The facts show that C. E. Taylor was alone known to the bank. There is no evidence that Mrs. D. E. Taylor was present at the time the deposit was made, or that she ever had any dealings with the bank in reference thereto. C. E. Taylor made the deposit and at the time the deposit was made, the appellant by virtue of the signature card which he gave at the time of the deposit defining how the deposit could be withdrawn, contracted with him to pay out money only upon checks signed by him in the manner stated.—*Davis v. Lenawee County Savings Bank,* 53 Mich. 163;*Savings Bank of Baltimore v. McCarthy,* 89 Md. 194; *Taylor v. Henry,* 58 Md. 557; *Gorman v. Gorman,* 87 Md. 348; *Branch v. Dawson,* 36 Minn. 193; *Davis .v. Bank,* 53 Mich. 163; *Weitzel v. National Bank,* 18 Penn. Sup. Court Rep. 615.

It was necessary to appellee's right to recover that she should either show that it was her money or that the deposit was made for her benefit. The only evidence the appellant had that the money belonged to the depositor, C. E. Taylor, was that it was in his possession, that it received the money from him. This possession creates presumption of ownership.—*German Bank v. Hemstedt,* 42 Ark. 62; *Berney v. Steiner Bros.,* 108 Ala. 116; *Lakeside Land Co. v. Dronngrool,* 89 Ala. 506; First Greenleaf on Evidence, Section 34.

Nor can it be said that the deposit by C. E. Taylor in the name of Mrs. D. E. Taylor constituted a gift to her for the reason that at the time the deposit was made the depositor reserved and exercised control over the deposit. *Green v. Bank of Camas Prairie,* 64 Pacific 888; *Branch v. Dawson,* 36 Minn. 193; *Robertson v. Ring, Admr,* 72 Me. 140; *Davis v. Lewanee County Savings Bank,* 53 Mich 163; *Brodurick v. Walthores' Savings Bank,* 109 Mass. 149; *Douglass v. First National Bank,* 17 Minn. 35; *McCluskey v. Provident Institution for Savings,* 103 Mass. 300; *Dodge v. Lunt,* 181 Mass. 320.

What is required is that there should be a clear surrender of the right and of the dominion in contradistinction of a promise to surrender. If there be a reservation of the use and enjoyment this is not a valid executed

gift inter vivos.—*Walker, Guardian v. Crews,* 73 Ala. 417; *Brantley v. Cameron,* 78 Ala. 72; *Sayre v. Weil,* 94 Ala. 466; *Anniston National Bank v. Howell,* 116 Ala. 375.

JOHN W. OVERTON, FULLER & FULLER, and CHARLES P. JONES, *contra.*

SHARPE, J.—On June 17, 1903, Charles E. Taylor who was plaintiff's husband, deposited with the defendant, which is an incorporated National Bank, $650.00 in the name of "Mrs. D. E. Taylor" and received from the Bank teller an acount book having on its back the words and figures "First National Bank, Montgomery, Ala. In acount with Mrs. D. E. Taylor," and having inside of it these words and figures, "Dr. ——— In acount with Mrs. D. E. Taylor, Cr. June 17, 1903—$650.00." At the same time Charles E. Taylor delivered to defendant a signature card, which has ever since been in defendant's possession, having on it the words and figures "Mrs. D. E. Taylor to the First National Bank of Montgomery. Below please find duly authorized signatures which you will recognize in payment of funds or the transaction of other business on our account. Mrs. D. E. Taylor per C. E. Taylor." On June 22, 1903, Charles E. Taylor drew two checks upon the deposit, one for $4.00 and the other for $5.00, to each of which checks he attached the signature "Mrs. D. E. Taylor per C. E. Taylor" and each of which checks were on that day paid by defendant. Charles E. Taylor died on or about June 22, 1903, and some days thereafter plaintiff drew a check on defendant for the balance of the fund signed "Mrs. D. E. Taylor" and defendant refused to pay it, and also refused to pay on a demand made by plaintiff's attorney.

On facts undisputed and substantially as above stated, without more, this cause was tried without a jury. The main question presented by the record is whether those facts show a liability on the part of defendant to the plaintiff rather than to the estate of Charles E. Taylor, deceased. In considering the question it is proper to be-

gin by presuming that the money before and up to the time of its deposit, was the property of Charles E. Taylor. Possession of personal property is *prima facie* evidence of title in the possessor.

This presumption made, plaintiff's claim is left to rest upon the theory that a gift to her was effected by the transaction wherein the money was deposited. To the making of a gift it is essential that there be a delivery, actual or constructive, of the thing with intent on the part of the donor to divest himself of ownership, and this principle is applicable to deposits in banks made by one to the acount of another.—*Anniston National Bank v. Howell,* 116 Ala. 375; *Matter of Bolin,* 136 N. Y. 177; *Robinson v. Ring, Admr.,* 72 Me. 140; *Broderick v. Waltham Sav. Bank,* 109 Mass. 149; *Davis v. Lenawee County Sav. Bank,* 53 Mich. 163; *Greene v. Bank,* (Idaho) 64 Pac. Rep. 888; 14 Am. & Eng. Ency. Law, 1037, 1039.

The evidence in this case is not inconsistent with an intention on the part of Charles E. Taylor to make the deposit in plaintiff's name for his own purposes or convenience, and we think is insufficient to show a gift. The signature card amounted to a direction to the bank and negatived any right of the plaintiff to draw on the fund in question except on checks signed by Charles E. Taylor in her name, and such direction is inconsistent with an intention on his part to invest the plaintiff with that control over the fund which is necessarily incident to ownership. Such signing of checks on a fund belonging to plaintiff would apparently have been the act of her agent, but this consideration does not weigh in determining whether she became the owner.

The judgment must be reversed and one here rendered in favor of the defendant.

Reversed and rendered.