## 1965. STIMPSON COMPUTING SCALE COMPANY *v.* HOLMES-HARTSFIELD COMPANY.

An agent of a corporation is competent as an attesting witness upon a mortgage or other similar instrument executed in favor of the corporation, if he has no personal financial interest in the transaction.

Trover, from city court of Moultrie—Judge McKenzie.    May 10, 1909.

Submitted July 19,—Decided July 31, 1909.

*Edwin L. Bryan, Philip H. Alston,* for plaintiff.

*T. H. Parker, A. B. Buxton,* for defendant.

POWELL, J.    The Stimpson Computing Scale Company (hereinafter called the plaintiff) sued the Holmes-Hartsfield Company (hereinafter called the defendant) in trover for certain personalty. The plaintiff had sold the personalty on credit to a third person, and had taken an instrument reserving title in itself until the

purchase-price was paid, and the defendant had bought the property from this third person. The plaintiff's case depended upon the validity of this instrument evidencing the conditional sale and upon its right to have the same recorded for the purpose of conveying constructive notice to subsequent purchasers. The only witness upon the instrument was the plaintiff's agent, who had sold the property. He attested it as subscribing witness and went before a notary public and probated it by making the affidavit in terms of the statute. It was then recorded, prior to the time the defendant obtained the property. The trial of the case resulted in a nonsuit.

While other grounds were urged in the motion for a nonsuit, the only one demanding serious consideration is that the plaintiff's agent was not competent as an attesting witness under the circumstances. An examination of the case of *Merchants Bank* v. *Cottrell,* 96 *Ga.* 168, 171 (23 S. E. 127), will show that the Supreme Court there held that the agent of the party in whose favor the contract was executed was competent as an attesting witness. This case is cited approvingly in *Hill* v. *Ludden,* 113 *Ga.* 320 (38 S. E. 752). In the case of *Betts-Evans Co.* v. *Bass,* 2 *Ga. App.* 718, 721 (59 S. E. 8), this court, while disapproving the practice of clerks and other agents attesting papers in which their principals were interested, and while holding that a person interested financially in the contract was not competent as an attesting witness, expressed, in the course of the opinion, the view that the clerk or agent would be competent if he had no personal financial interest in the transaction. Our law which disqualifies parties interested from testifying as to communications with deceased persons does not include within its terms agents of corporations. *Ullman* v. *Brunswick Co.,* 96 *Ga.* 625 (24 S. E. 409); *Holston* v. *So. Ry. Co.,* 116 *Ga.* 656 (43 S. E. 29). We do not mean to say that the competency of subscribing witnesses is to be determined absolutely in accordance with whether they would be competent to testify if the opposite party were dead; but this should be a factor of strong influence; for it may be seen that if the alleged maker of the instrument dies, the probate of the subscribing witness and the recording of the paper thereon is prima facie proof, even as against the plea of non est factum, that the alleged maker did in fact sign it. The signature of the subscribing wit-

ness is in a sense continuing testimony to the genuineness of the signature of the alleged maker. Therefore, subscribing witnesses should be persons who would be competent to testify as to the transaction if the maker should die. *Judgment reversed.*