**GARRISON et v**
**PORTAGE SAVINGS & LOAN CO**

Ohio Appeals, 7th Dist, Portage Co

Decided October, 1914

114

## OPINION

By POLLOCK, J.

It is conceded that this company is a building and loan association governed by the statute laws of this state providing for building and loan associations, and that under its corporate power it had a right to receive payments on and issue stock as it was doing, and that it also had a right to receive money on deposit and pay interest thereon.

The first question arising in this case is as to whether or not the statement on the cover of the pass book issued to Miss Anderson can be changed or varied by her oral testimony of what occurred at the time it was issued. The relation existing between a stockholder and a corporation, or between a depositor in a savings account and a corporation is one of contract, and if the statement on the cover of this pass book is the contract, it cannot be varied by her oral testimony. On the other hand, if it is a mere memorandum or receipt indicating the condition of the account between the corporation, and either the stockholder or depositor, it is not the contract, and the true contract can be proven by oral testimony.

Thompson on Corporations, §3483, lays down the rule that oral testimony may be given of the real transaction, and that it is not a contradiction or a variance of this principle that a written contract cannot be changed by oral testimony.

The same principle is announced in the case of Lipscomb v Condon, 49 SE 369.

In the case of Talcott v Bank, Pac. 1066, the Supreme Court of Kansas says:

"1. A pass book given by a bank to a depositor is not a written contract, but is prima facie evidence that the bank received the amounts on the dates therein stated, and binds the bank like any other form of receipt, and is open to explanation by evidence ailunde."

To the same effect are the following cases:

Davis v Bank, 53 Mich., 163 (18 NW 629);

Branch v Dawson, 30 NW 545;

Carr v State, 16 Southern, 155.

The same rule is held as to pass books of a savings bank in the case of Bank v Fogg, 22 Atlantic, 251.

Other citations might be given to the same effect, but we think this will suffice to establish the rule that it was competent for Miss Anderson to testify to the oral conversation that took place between herself and Post, the Secretary of the Company, at the time she opened this account; and it clearly shows that she did not intend to become a stockholder, but that she did intend to open a savings account.

It is further urged that by receiving the pass book marked "Running Stock" and retaining it in her possession until after the failure of this association, that the book was notice to her that she was a stockholder and not a depositor, and she is now estopped from denying that she was a stockholder.

It is claimed that on the cover was a notice that she was the holder of two shares of running stock, and that the printed notice on the back page of the pass book headed "running stock" was a notice of the conditions of the contract between her and the company.

· It will be noticed that this printing on the back page had a place for a signature. In other words, it would indicate to anyone that a person holding running stock would be required to sign this contract, which was not done in her case.

When we look in the book at the printing and the writing denoting the deposits, it indicates an ordinary pass book in a savings bank and indicates a savings account. There is a column for deposits, a column for withdrawals, and a column for balances, as found in all pass books of such institutions.

It is true that the statute authorizes a withdrawal where a party is a holder of running stock, but yet there is nothing in this book to denote anything more than that she was making deposits and withdrawals in an ordinary savings account.

We think that the failure to require her to sign her signature on the back page of the book would indicate to her that the provision was only binding and in force when signed by the depositor. For these reasons we think the relation existing between Miss Anderson and the association was that of a depositor and not as a stockholder.

The savings account in this institution only drew four per cent, and Miss Anderson says that at the time she made this first deposit she supposed it would only draw four per cent. We think it would be unfair to permit her to retain the interest at the rate of six per cent., and she should only be allowed four per cent on her account, calculated under the rules of the association. A calculation may be made of the amount now due her at that rate of interest, and a decree may be drawn finding that she is a depositor to the amount found due her, calculated in that way.

If any party to the case files a motion for a new trial the same will be overruled, and exceptions may be noted for any party desiring exceptions.

METCALFE and SPENCE, JJ, concur.