WAYNE COUNTY & HOME SAVINGS BANK *v.* SMITH.

1. BANKS AND BANKING—DEPOSITS—HUSBAND AND WIFE—OWNERSHIP OF ACCOUNT.

Where a wife deposited money in a savings bank in her own name, and during her lifetime authorized her husband to draw on the account, who, after her death, claimed the money as his, and the bank conditionally placed it in his name, nothing can be predicated by the personal representatives of the deceased husband or wife, in proceedings to determine the ownership, upon what was said or done with respect to the fund after the death of the wife; no new contract was made, and the rights of the parties must be determined as of the date of the wife's death.

2. SAME—EVIDENCE—DEPOSITS—JOINT FUND.

Evidence examined, and *held*, that it is not proven that the fund was a joint fund, or that it belonged to the husband.

3. SAME—BURDEN OF PROOF.

Where it appeared that the wife was the creditor of the bank when she died, the burden was upon the husband's representative to prove that the fund was his, or was a joint fund, title to which passed to him at his wife's death.

Appeal from Wayne; Sharpe, J., presiding. Submitted October 5, 1916. (Docket No. 46.) Decided December 21, 1916.

Bill of interpleader by the Wayne County & Home Savings Bank against Kenzie G. Smith, administrator of the estate of Samida M. Lake, deceased, and Georgiana W. Coyle, executrix of the estate of Eliza Lake, deceased, to determine the title to a certain fund on deposit in plaintiff bank. From a decree for defendant Coyle, defendant Smith appeals. Affirmed.

*Dickinson & Dickinson* (*Thomas T. Leete, Jr.,* of counsel), for defendant Smith.

*John C. Hewitt,* for defendant Coyle.

An account was opened in the savings department of the Wayne County & Home Savings Bank by the deposit of $100 in the name of Eliza Lake. Thereafter sums aggregating $2,450 were deposited, and $400 was withdrawn, and, with interest, the bank owed $4,549.89 to the owner of the fund when the bill in this cause was filed, in July, 1914. When it was filed, Eliza Lake was dead, and her husband, Samida M. Lake, was dead, and their personal representatives were each of them claiming the fund. Eliza Wallace, a widow, and Samida M. Lake were married in the year 1871, she at the time and during the remainder of her life receiving the rents of a parcel of real estate in the city of Detroit. She died April 3, 1912. Mr. Lake was employed in the auditing department of the Michigan Central Railroad Company, and was paid at a rate beginning at $45 and increased later to $50 and finally $55 a month. He bought and sold some real estate in the village of Trenton, Wayne county, Mich., during the married life of the parties. His salary, such profits, if any, as he received from the sales of real estate,

and the rent of the property owned by Mrs. Lake, are the sources of income shown by the record. When the account with complainant was opened, no name but that of Eliza Lake was entered upon the ledger, according to which she was credited with deposits and interest and charged with withdrawals, but there was entered in the signature book of the bank the following:

| No. | Acc't Opened. | Name. | Place of Birth. | Age. |
|-----|---------------|-------|-----------------|------|
| 49866 | Dec. 14, 1888 | Eliza Lake | Eng. | 47 |

| Occupation. | Residence. | Remarks. |
|-------------|------------|----------|
| Married | Trenton, Mich. | S. M. Lake |

Such checks, or orders, upon the fund as could be produced at the hearing were signed "S. M. Lake," none "Eliza Lake." Two checks appear to have been drawn and paid after Eliza Lake died. S. M. Lake, after the death of his wife, claimed the fund, and sought to have the account transferred to him. This was, in form, done, but conditionally, Mr. Lake being informed that he could not draw the money until the contention and claim of the executrix of his wife's estate, brought to the attention of the bank's officials, was determined. This transfer was made in October, 1913, and the attorney of the bank advised Mr. Lake that, in his opinion, based upon what appeared upon the books of the bank, the account was not a joint, or joint and several, account, and that his power to draw the money ceased when Mrs. Lake died. In reliance upon Mr. Lake's statements, at about the date of the transfer, he was permitted to draw $100 upon one of

the two orders above referred to. Then Mr. Lake died. The defendants having interpleaded and been heard, the court found:

"(1) That the account in the bank was started by Eliza Lake, and, so far as the bank was concerned, the moneys were her moneys, though subject to being drawn out by her husband at any time prior to her death.

"(2) That the only reason why the name of S. M. Lake appeared in the ledger account or in the signature book of the bank was to indicate authority on his part to draw out moneys.

"(3) That the action of the bank in transferring the moneys to the S. M. Lake account was unwarranted, and in no way affects the right of the executrix of the Eliza Lake estate to the fund"

—and entered a decree, awarding the fund to the executrix of Eliza Lake's estate. The representative of Samida M. Lake contends that the fund belonged to him because it was accumulated from his money, was deposited as a joint fund, was considered joint money, and some of it paid as such after the death of Mrs. Lake, it was claimed by Mr. Lake as his money after the death of his wife, and the statute determines it to be the property of the survivor.

OSTRANDER, J. (after stating the facts). Nothing can be predicated by either party upon what was said or was done with respect to the account after the death of Mrs. Lake. This ruling is not rested upon the alleged incompetency of any witness to testify, but upon the ground that no new contract was made by the bank after her death, and no particular existing contract was recognized by merely making the conditional change in the account upon the books of the bank. The rights of the parties must be determined as of the date of Mrs. Lake's demise, in view of any evidence which tends to prove the contract between the bank and the depositor and the actual relations existing between Mr.

and Mrs. Lake. The bank is indifferent, offering to pay the money to the rightful owner. Even if the statute (section 3, Act No. 248, Pub. Acts 1909 [2 Comp. Laws 1915, § 8040]) relied upon by appellant would protect the bank in making payments out of the fund to Mr. Lake, or his representative, after the death of Mrs. Lake, it has no application here. The bank has not paid the money, and admits notice not to pay the money to Mr. Lake. The statute, however, in terms, relates to cases where a deposit is made by any person in the name of such depositor, or any other person, in form to be paid to either or the survivor of them, and provides that such deposits and any additions thereto, made by either of such persons, upon the making thereof shall become the property of such persons as joint tenants, be held for their use, be paid to either or to the survivor, and, after being so paid, the receipt or acquittance of the one to whom the money is paid shall discharge the bank for all payments made prior to the receipt by the bank of notice in writing not to pay such deposit in accordance with the terms thereof. It was said by this court in *Davis* v. *Savings Bank*, 53 Mich. 163, 166 (18 N. W. 629), that:

"As between banker and depositor, there can be no doubt that the bank will be protected in paying out money in such way and on such terms as the depositor has authorized. And, on the other hand, where a contract is not in writing, it is equally clear that its real character and terms may be made out by testimony, and that the contracting party can lawfully control his own funds until he has disposed of them, and that it can make no difference in what name the account is kept, if it is understood to be his account, and has not been put beyond his control by some act which he cannot revoke."

The question to be decided is a question of fact, and is to whom the money belonged, to Mr. or Mrs. Lake, or to both of them. The competent evidence is meager.

The bank books tend to prove that the money belonged to Mrs. Lake; that the contract with the bank was made by her; that she was the creditor; and that upon her authority her husband was authorized to draw the money. They do not tend to prove a joint account or a deposit of money owned by them jointly. They do not tend to prove a contract to pay the money to the survivor of them. It is not apparent, from the books, that the bank had any dealings whatever with Mr. Lake, except to record his signature, and other testi-mony tends to prove only that money was paid to him out of this fund, upon his order. No custom of the bank is shown to treat a deposit so made as a joint deposit, or the money deposited as owned by any one other than the depositor. The testimony concerning the sources from which the money was derived leads to no definite conclusion concerning its ownership. In one particular year much more money was deposited than could have been derived from the rentals of the real estate received by Mrs. Lake. That was in the year 1894. In that year Mr. and Mrs. Lake sold and conveyed property in Trenton for a total consideration of some $1,200, one parcel so conveyed belonging to them as tenants by entireties and being their home-stead. There is testimony to the effect that Mrs. Lake deposited her rent money with the complainant bank, that the rented real estate was the property of her deceased husband, and that her executrix, Mrs. Coyle, as heir of her father, was in law the owner of the property. There is no testimony which tends to prove that Mr. Lake received more than $55 monthly salary, after working for $50, and earlier for $45, a month. It appears to have been conceded at the hearing that there was a bank account with a Trenton, and another with a Detroit, bank other than complainant. To neither of these funds does the executrix of Mrs. Lake make a claim. Assuming, as we must, that both Mr.

and Mrs. Lake assented to the manner in which the account with complainant bank was opened, in the absence of any testimony tending to prove that Mr. Lake ever himself made a contract with complainant, or ever deposited any money with it, I think it is not proven that the fund was a joint fund, or that it belonged to him. He himself wrote upon the inside front cover of the passbook, "Mrs. Eliza Lake, Trenton, Michigan."

The case stands, then, in this way: It appears that Mrs. Lake was the creditor of the complainant bank, having the right, when she died, to dispose of this fund. It is presumed that Mr. Lake had knowledge of this condition of affairs. The burden is upon his representative to prove that in fact the fund was his, or was a joint fund, title to which passed to him upon the death of Mrs. Lake. In my opinion, he has not sustained this contention, and therefore the decree must be, and is, affirmed, with costs to appellee.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.