8852. MOORE *v.* CITIZENS BANK OF ASHBURN.

</div>

BROYLES, P. J. 1. A bank pass-book is evidence, but not conclusive evidence, of the amount due to a depositor. *Bank of Lawrenceville* v. *Rockmore*, 129 *Ga.* 582 (3) (59 S. E. 291).

2. Where by the terms of a contract money is received on deposit in the name of the wife of the depositor, with the agreement that the depositor may draw the deposit on checks to which he shall sign his wife's name per his own name, and where he does draw the money so deposited on checks so signed, the wife can not hold the bank liable for the money so deposited and drawn out. In a suit by her against the bank it is not error to allow an officer of the bank to testify to the agreement, although the depositor with whom it was made be dead. *Greene* v. Bank of Camas Prairie, 7 Idaho, 576 (64 Pac. 888.). See also 7 Corpus Juris, 641, § 325.

3. An agent of a corporation which is a party to a cause is not incompetent, under the terms of section 5858 of the Civil Code of 1910, to testify to communications or transactions had with a deceased individual, where, as in this case, the latter's personal representatives were not parties to the cause. *Ullman* v. *Brunswick Title Guarantee & Loan Co.*, 96 *Ga.* 625 (24 S. E. 409); *Maxwell* v. *Imperial Fertilizer Co.*, 103

*Ga.* 108 (29 S. E. 597); *Florida Central & Peninsular Railroad Co.* v. *Usina,* 111 *Ga.* 697 (36 S. E. 928); *Holston* v. *Southern Ry. Co.,* 116 *Ga.* 656 (43 S. E. 29). See also *Stimpson Computing Scale Co.* v. *Holmes-Hartsfield Co.,* 6 *Ga. App.* 569, 570 (65 S. E. 358).

4. The testimony of an officer of the defendant bank, as to statements made in his presence by the husband of the plaintiff at the time the husband opened the account with the bank, which statements showed the terms upon which the deposit was made, was legal and relevant. This was not a suit by or against the estate of a deceased person, and the bank had the undoubted right to show upon what conditions the deposit in question was made. Greene *v.* Bank of Camas Prairie, supra.

5. None of the instructions of the court, to which exception was taken, contain material error.

6. There is no merit in ground 5 of the motion for a new trial, which complains that the court failed to give certain instructions to the jury. In the absence of a timely written request, such instructions were sufficiently covered by the charge as given.

7. The verdict was authorized by the evidence, and the court did not err in refusing the grant of a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED NOVEMBER 1, 1917.

Complaint; from city court of Ashburn—Judge Tipton. April 21, 1917.

*E. K. Wilcox, A. S. Bussey,* for plaintiff.

*J. H. Pate, J. A. Comer,* for defendant.