33820. LINER *et al. v.* COMMERCIAL NATIONAL BANK.

FELTON, J. 1. Contrary to the answer, the deposit slip shows that the account was a joint account in the name of "J. M. Bentley and Mrs. Pearl Liner." In the absence of something showing otherwise, an account will be presumed to be as it appears on the deposit slip. *Beebe* v. *Smith*, 76 *Ga. App.* 391 (3 a, b) (46 S. E. 2d, 212).

2. In the absence of a statute or express agreement to the contrary, withdrawals from a joint deposit in a bank require the authority of all the depositors. 7 Am. Jur. 363, § 509; id. 381, § 528; 61 A.L.R. 967. The evidence showed that the defendant allowed the withdrawal of the $514.20 by J. M. Bentley without the authority of the plaintiff, Mrs. Pearl Liner, and such evidence made out a case in favor of Mrs. Liner as an individual. The evidence showed that, at the time of the withdrawal, J. M. Bentley was non compos mentis and incapable of transacting business. While it is true that it is not shown that the bank had notice of this fact, under our view of the case notice in the bank is not required. The defendant wrongfully allowed J. M. Bentley to

withdraw the money, and as a consequence of such wrongful act it placed the money at the disposition of a person non compos mentis, which constituted a prima facie injury to the estate of that person, for which the defendant is liable. We are not unaware of Code § 13-2040. That section does not apply to cases such as this, where the acceptance of the check constitutes a breach of the deposit agreement. Mrs. Pearl Liner, as an individual and as executrix of the estate of J. M. Bentley, proved her cause of action as laid, and the court erred in granting a nonsuit.

3. The plaintiff objected to the following questions: "Was the $714.20 deposit in the Commercial National Bank on February 12, 1946, your money?" "Mrs. Liner, subsequent to the deposit of the money . . a check dated June 4, 1946, for $100 payable to cash and signed by you and Mr. Bentley, why was that done if the money was yours?" The court overruled the objections and required the plaintiff to answer the questions. It was error to overrule the objections. The bank deposit slip undisputedly showed that the account was a joint one, and interest therein by the plaintiff is presumed. The bank, by accepting such joint account, cannot dispute it.

4. The court erred in overruling the objections of the plaintiff to certain evidence, and in awarding a nonsuit and dismissing the action.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*

DECIDED JANUARY 23, 1952.

*Maddox & Maddox*, for plaintiffs.

*Stewart & York*, for defendant.

Mrs. Pearl Liner, individually, and as executrix of the last will and testament of J. M. Bentley, sued Commercial National Bank, and alleged in her petition: that on and prior to March 3, 1947, the plaintiff and J. M. Bentley had on deposit with the defendant $514.20; that the amount so deposited with the bank could only be withdrawn by checks signed by J. M. Bentley and the plaintiff; that on March 3, 1947, the defendant paid to itself the said sum on deposit upon a check purporting to be signed by J. M. Bentley alone, and that said payment was without legal right or authority and contrary to the terms of the deposit of said money in the bank; that on March 3, 1947, J. M. Bentley was non compos mentis and was incapable of transacting any business whatever, which fact was known to the defendant, and by reason thereof said amount was illegally and unlawfully withdrawn and paid out by the defendant to itself. The defendant answered by denying the material allegations of the petition, and further answered by alleging "that said sum was on

deposit in said bank in the name of 'J. M. Bentley and/or Mrs. Pearl Liner,' and either had authority to draw checks against the same." The court granted a nonsuit on the defendant's motion and dismissed the action. The plaintiffs except to the granting of the nonsuit and the dismissal of the action, and to the allowance of certain evidence over objection.

