## 52426, 52427. ANDREWS v. CITIZENS BANK et al.; and vice versa.

McMurray, Judge.

On or about Friday, November 1, 1974, Joe B. Andrews deposited approximately $1,600 in a joint checking account he still maintained with his ex-wife, Cynthia Andrews, in The Citizens Bank, Fort Valley, Georgia. Shortly before this he advised Gassett, a vice president of the bank, his intention to make this deposit and to immediately write a check on the account in the sum of $1,617.93 to the Farmers Mutual Exchange of Fort Valley. The sole purpose of making the deposit was to have sufficient funds ($1,693.46) to pay Farmers Mutual $1,617.93. On November 1, 1974, Cynthia Andrews, the former wife of Joe B. Andrews and the joint depositor in the checking account in question, learned by telephone that there were funds in the bank. The inference is that this occurred after Joe B. Andrews made his deposit.

On Monday, November 1, 1974, Cynthia Andrews entered The Citizens Bank and tendered two $600 checks to the teller for the purpose of obtaining cash. These checks were drawn on the joint checking account in question. There were sufficient funds in the account to pay the checks at the time they were tendered, but the $1,617.93 check had arrived by night depository which was opened on Monday, November 4, 1974, and credited to the Farmers Mutual Exchange account, but was not then posted against Joe B. Andrews' account.

The teller to whom Cynthia Andrews tendered the checks did not accept the checks but directed Cynthia Andrews to Mr. Gassett. There is conflicting evidence as to the conversation between the ex-Mrs. Andrews and Mr. Gassett, but she left the bank without the checks having been paid. However, the facts show that Mr. Gassett did tell her that if she would get Mr. Andrews to agree, he would cash the checks.

The following day Cynthia Andrews returned to the bank to again attempt to cash the checks, only to learn that the account then contained less than $100. The account had been reduced by the payment of the check to the Farmers Mutual Exchange drawn on the account by

Joe B. Andrews. This check had been in the night depository over the weekend but was not posted to the Andrews' account until the night of November 4, 1974. Gassett contends he acted in reliance on his prior commitment to honor the Farmers Mutual check, and that he so advised Mrs. Andrews, even though he was not aware that the check had arrived at that time.

Cynthia Andrews sued the bank and certain of its employees, individually and as its agents, including Gassett. Plaintiff alleges defendants' failure to pay the check was a wrongful dishonor as defined by Code Ann. § 109A-4—402 (Ga. L. 1962, pp. 156, 303), and she seeks to receive the $1,200 represented by the value of the checks and other damages.

Both parties moved for summary judgment. Plaintiff's motion was for summary judgment on the issue of liability and for the sum of $1,200 as the amount of funds wrongfully withheld by failure to cash the checks. Defendants moved for summary judgment as to all issues.

The court denied plaintiff's motion for summary judgment, determined that as a matter of law plaintiff is not entitled to recover the $1,200 represented by the checks, but otherwise denied defendants' motion. Plaintiff appeals from the order granting in part a summary judgment in favor of defendants and from the denial of her motion for summary judgment. Defendants cross appeal from the order granting only a partial summary judgment in favor of the defendants. *Held:*

1. Generally, in the absence of statute or an express agreement to the contrary, withdrawals from a joint deposit in a bank require the authority of all the depositors. *Liner v. Commercial Nat. Bank,* 85 Ga. App. 278 (2) (69 SE2d 119). Under Ga. L. 1974, pp. 705, 814 (Code Ann. § 41A-1603) a joint deposit has been recently defined as follows: "When a deposit has been made or hereafter shall be made in a bank in the names of two persons, payable to either, or to either survivor, such deposit or any part thereof, and interest or dividend thereon may be paid to either of said persons or to their order, and the receipt or order of the party so paid shall be valid and sufficient release to discharge the bank from liability for payment. The foregoing right to pay either

party shall not be terminated by the death or incompetency of the other party." Clearly, from the evidence here, the Andrews had a joint checking account with the defendant bank, payable to either.

2. As against its customer a bank may charge against his account any item which is otherwise properly payable from the account, even though the charge creates an overdraft. Code Ann. § 109A-4—401 (Ga. L. 1962, pp. 156, 303).

3. The party to whom presentment is made may without dishonor require exhibition of the instrument and reasonable identification of the person making presentment. See Code Ann. § 109A-3—503 (1) (Ga. L. 1962, pp. 156, 270).

4. Acceptance may be deferred without dishonor until the close of the next business day following presentment, but the holder may in a good faith effort to obtain acceptance and without dishonor of the instrument, allow postponement of the acceptance for an additional business day. Code Ann. § 109A-3—506 (1) (Ga. L. 1962, pp. 156, 271).

5. Payment of an instrument may also be deferred without dishonor pending reasonable examination to determine whether it is properly payable, but payment must be made in any event before the close of business on the day of presentment. Code Ann. § 109A-3—506 (2), supra.

6. Generally, under a bank's liability to a customer, plaintiff would be entitled to recover proximate damages caused by defendants' wrongful dishonor of her checks. See Code Ann. § 109A-4—402 (Ga. L. 1962, pp. 156, 303). Plaintiff argues that she was deprived of the $1,200, represented by the two checks, by defendants' wrongful dishonor of those checks and that she should therefore receive judgment for $1,200. Plaintiff was not deprived of this $1,200, as the $1,200 represented by the two checks was paid on a check drawn by plaintiff's joint depositor. This extinguished the obligation of the bank in regard to this sum. See *Moore v. Citizens Bank of Ashburn*, 21 Ga. App. 183 (2) (94 SE 90); Code Ann. § 41A-1603 (Ga. L. 1974, pp. 705, 814, repealed July 1, 1976, by Ga. L. 1976, pp. 1388, 1389). Items may be accepted, paid, certified or

charged to the indicated account of a bank's customer in any order convenient to the bank. See Code Ann. § 109A-4—303 (Ga. L. 1962, pp. 156, 302).

The evidence here presented on summary judgment simply disclosed a joint checking account of a former husband and wife, and that a prior commitment had been made by the bank to accept a check payable to the Farmers Mutual Exchange of Fort Valley in the amount of $1,617.93. The vice-president of the bank arranged with the depositor, Joe B. Andrews, for the deposit of sufficient funds to create a balance of $1,693.46 to pay this check. This occurred on Friday, November 1, 1974. On Monday, November 4, 1974, this check had been deposited for collection, and the bank was authorized to accept this check in payment before paying the checks drawn by the plaintiff, Mrs. Cynthia Andrews. The court did not err in granting summary judgment in favor of the defendants with respect to the $1,200 sought by the plaintiff and represented by the two checks which the bank refused to pay on the 4th and dishonored for insufficient funds on November 5, 1974.

7. Under the uncontested evidence submitted, as well as the law set forth above, no claim for damages is shown by reason of the bank accepting the check for $1,617.93 drawn in favor of the Farmers Mutual Exchange of Fort Valley prior to dishonor of the two $600 checks submitted by the plaintiff. The account contained insufficient funds when these checks were accepted on November 5, 1974, and were dishonored for insufficient funds. The court erred in refusing to grant summary judgment in favor of the defendants, granting in lieu thereof merely a partial summary judgment.

*Judgment affirmed in case No. 52426 and reversed in case No. 52427. Marshall and Smith, JJ., concur.*

ARGUED JULY 7, 1976 — DECIDED SEPTEMBER 17, 1976 — REHEARING DENIED OCTOBER 4, 1976 —

*Morrow & Daly, Marvin T. Morrow,* for appellant. *Robert E. Lanyon,* for appellees.