CHARLES FOSS *vs.* JAMES F. NORRIS.

Piscataquis. Opinion June 27, 1879.

*Contract. Consideration. Demand. Damages,—measure of.*

A written contract to pay a specified sum of money, or redeliver, on demand, to an attaching officer specific articles of attachable property which he has taken on mesne process is a lawful contract ; and a recital of the attachments in such contract is sufficient evidence of a legal consideration therefor.

After a legal demand, an action may be maintained on such contract so long as the attaching officer is under a liability to the creditor or debtor for the property attached, the extent of that liability being the measure of damages.

A legal demand is one properly made as to form, time and place, by a person lawfully authorized, before or after the rendition of judgment in the suits in which the property is attached, although the contract contains a stipulation for the redelivery of the property "within thirty days after judgment in such actions if no demand be made."

It is no valid objection to the demand that the sheriff's deputy calls upon the receiptor to redeliver the articles, or in default thereof to pay according to his alternative stipulation.

ON FACTS AGREED.

ASSUMPSIT on the following contract signed by the defendant :

" Piscataquis, ss. May 10, 1876. For value received, I promise to pay Charles Foss, or his order, eight hundred dollars on demand, or to redeliver the goods and chattels following : Two hundred, more or less, squares of slate, the same property which the said officer has taken by virtue of a writ dated April 19, 1876, in favor of James C. Bishop of Guilford, in the county of Piscataquis, and against Lewis E. Norris of Monson, in said county, also taken by virtue of a writ in favor of Harry Sweet of said Monson, county aforesaid, dated May 9, 1876. Also taken by virtue of a writ in favor of John Martin of Monson, Piscataquis county, dated May 9, 1876, and against Lewis E. Norris.

" The above attachments were made to secure a lien for labor done on said slate. The amounts on the several attachments are five hundred and sixty-five dollars, and I hereby agree safely to keep and on demand to redeliver all the goods and chattels above described to the said officer or his successor in office, at Abbot, in

said county, in like good order and condition, as the same are now in, free from expense to the above named officer or to the creditors aforesaid; and I further agree that if no demand be made, I will within thirty days from rendition of judgment in said actions redeliver all the above described property as aforesaid at the above named place, and further notify said officer of said delivery."

A legal demand was made on the defendant which was indorsed on the foregoing, as follows:

" Piscataquis, ss.   October 19, 1877.   By virtue of the within, I have this day demanded of the within named J. F. Norris, the slate named in this receipt, or in default thereof, its value in current money.   Zenas B. Poole, deputy sheriff."

Charles Foss was sheriff of Piscataquis county on or before January 1, 1876, and ever since.   Zenas B. Poole was deputy under said Foss on or before October 19, 1877, and ever since.

The property mentioned in the contract or receipt was attached by said Foss in the writs mentioned in said contract; judgment has been rendered on said actions and the officer is liable to the creditors for the value of the slates described in said contract.

The court by agreement were to render legal judgment.

*J. F. Sprague,* for the plaintiff.

*C. A. Everett,* for the defendant.

BARROWS, J.   The contract signed by the defendant contains a promise to pay the plaintiff eight hundred dollars, or to redeliver, on demand, to the plaintiff or to his successor in office, at Abbot, free of expense to the officer or attaching creditors, certain specified goods and chattels which appear by the recitals in the contract to have been attached by the plaintiff on certain writs against Lewis E. Norris.

The contract contains also a stipulation for such redelivery within thirty days after the rendition of judgment in the actions in which the attachments were made, if no demand should be made.   The agreed statement signed by counsel shows that judgment has been rendered in these actions, and that the officer is

liable to the creditors for the value of the property attached and described in the contract, the amount of the attachments as stated in the contract being five hundred and sixty-five dollars.

It further appears in the agreed statement that " a legal demand was made on the defendant," a certificate of which was indorsed on the contract, indicating that on October 19, 1877, Zenas B. Poole, a deputy of the plaintiff, demanded of the defendant the property attached, " or in default thereof its value in current money."

The defendant objects to a recovery by plaintiff on the ground that it does not appear that judgments had been rendered in the actions in which the attachments were made at the time of this demand, or that they were rendered more than thirty days before the commencement of this action, or that plaintiff's deputy had any authority to make the demand.

The case seems to have been somewhat carelessly made up, but we think enough appears to show that the plaintiff is entitled to judgment. The contract was a lawful one. It purports on its face to be " for value received," and the recital of the attachments made therein is sufficient evidence of a legal consideration therefor. After a legal demand, made either before or after the rendition of judgment in the suits in which the property is attached, an action may be maintained thereon so long as the attaching officer is under a liability to creditor or debtor for the property attached. When such a demand is made, the liability of the defendant is fixed, and it is not necessary to show that the thirty days after judgment, within which he agreed to redeliver the property if no demand should be made, have elapsed before the commencement of the suit.

We cannot assent to the defendant's proposition that the " legal demand," which he has admitted means a demand which is legal in form only, or that the return of a demand made by the plaintiff's deputy on the contract shows that the demand was not a legal one.

A " legal demand " means a demand properly made as to form, time and place, by a person lawfully authorized, and may be made before or after judgment in the suits in which the property is

attached, and by an agent of the promisee duly authorized. The admission of a legal demand includes an admission that the demand was properly made at Abbot, at a suitable time and place by the duly authorized agent of the promisee, having the receipt in his possession to be discharged if the contract was performed.

Nor will any reasonable or proper construction of this statement of facts admit the hypothesis that the defendant responded to the demand and performed his contract. It is no valid objection to the demand that the plaintiff's deputy called upon the defendant to redeliver the goods, or in default thereof to pay according to his alternative agreement. He does not appear to have done either.

The extent of the liability of the officer to the parties in the original suit or suits is the measure of damages. Commonly in these cases the liability to the attaching creditor is the one chiefly to be regarded, because usually the debtor whose property is attached procures the receiptor, and when he does this and the property is returned to the possession of the debtor upon the reception of such a receipt as this, the attachment is thereby dissolved and the contract alone remains for the security of the officer and the creditor. *Waterhouse* v. *Bird*, 37 Maine, 336. But cases might arise where the attaching officer might be under a liability to the debtor as well as the creditor, and the indemnity should be coextensive with the liability.

This case as it is presented, does not furnish the materials for an intelligent assessment of damages. We might surmise that the liability to the attaching creditors is the only one which needs to be regarded. But, this conceded, we have nothing from which the damages can be ascertained.

The amount of property which the officer is ordered to attach in the writs would rarely be the precise amount for which he would be responsible, and which would be needed to constitute a complete indemnity for him.

*Defendant defaulted. To be heard*
*in damages at nisi prius.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.