14832. FIRST NATIONAL BANK OF THOMASVILLE *v.* SANDERS, administrator.

JENKINS, P. J. 1. While a ruling sustaining a demurrer to a plea or answer, not being a final judgment, will not of itself support a writ of error, yet where, upon the striking of the defendant's pleadings, a final judgment is entered for the plaintiff, a writ of error will lie to review the

preliminary ruling striking all the defenses as controlling in the cause, provided error is also properly assigned on the final judgment. See *Kennedy* v. *Savannah Buggy Co.*, 22 *Ga. App.* 762 (97 S. E. 196). Error being properly assigned in the instant case, and such evidence as may have been offered by the plaintiff after the case was rendered in default, in taking a final judgment before the judge of the city court, not being in any wise essential to the determination of the exceptions and the sole legal question raised, the motion of the defendant in error to dismiss the bill of exceptions, for the reason assigned that the judge's certificate fails to specify that it "contains all the evidence material to a clear understanding of the errors complained of," as provided in section 6145 of the Civil Code (1910), must be denied. *Dierks* v. *Smith*, 119 *Ga.* 859 (1) (47 S. E. 203) ; *Roberts* v. *Rowell*, 152 *Ga.* 97 (108 S. E. 466) ; *Shaine* v. *Block*, 28 *Ga. App.* 329 (111 S. E. 79).

2. In a suit against a bank for a deposit, an answer admitting that the amount claimed by the plaintiff had been deposited as a joint deposit for the benefit of the plaintiff's intestate and the one making the deposit, but denying that the defendant would be protected in paying out the amount sued for except upon authority of the legal representative of the one making the deposit, in addition to the authority of the plaintiff as legal representative, cannot be taken as a tender to the plaintiff of the amount sued for, such as would compel a judgment in his favor, although the answer also set forth that "defendant is anxious to pay the sums mentioned, principal and interest, and now tenders same to the *court*, notifying plaintiff that defendant will be responsible for no interest after this date."

3. Where a husband deposited in a bank a sum of money belonging to himself, in the name of his wife but with the understanding that all or any part thereof might be withdrawn either by himself or by the wife, but by no one else, thus reserving to himself a free right of withdrawal, but giving to the wife the same right, the effect was to make a joint deposit with the conditions stated attached thereto. Had the money been thus withdrawn by the wife or by the husband, as in *Moore* v. *Citizens Bank of Ashburn*, 21 *Ga. App.* 183 (2) (94 S. E. 90), the bank, under such conditions would in such disbursement have been protected against a suit by the legal representative of the other; but where the deposit remained intact and nothing was withdrawn by either the husband or the wife, both of whom subsequently died, the title to such moneys vested jointly in the estates of the husband and the wife. Under the banking act of 1919, article XIX, section 39 (Ga. L. 1919, p. 208) ; "when a deposit has been made, or shall hereafter be made, in any bank transacting business in this State in the names of two persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, or any interest or dividend thereon, may be paid to either of said persons, whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made." In the instant case suit was brought, not by either of said joint depositors, but by the legal representative of the wife, after both had become deceased. A strict construction of the statute does not authorize such a procedure;

and where each of the joint depositors was dead, the bank was right in requiring the representative of the husband who in fact had owned the moneys to join in claiming the fund, in the absence of any appropriate proceedings to adjudicate their respective rights and interests. Accordingly, the court erred in sustaining the demurrer to the defendant's plea and answer and in entering a judgment for the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 13, 1924.

Complaint; from city court of Thomasville—Judge Hammond. July 2, 1923.

*W. I. MacIntyre, J. E. Craigmiles,* for plaintiff in error.

*James B. Burch,* contra.