## 15773.　FIRST NATIONAL BANK OF THOMASVILLE v. SANDERS, administrator.

Under the evidence as to the deposit made in the bank by the husband in the wife's name, the jury were authorized to find—without regard to whether there was any probative value in the evidence (admitted without objection) as to the changing of the deposit at his instance so as to make it stand in the names of his wife and himself jointly—that it belonged to her alone at the time of her death.

DECIDED APRIL 10, 1925.

Complaint; from city court of Thomasville—Judge Hammond. June 30, 1924.

*W. I. McIntyre, J. E. Craigmiles,* for plaintiff in error.

*J. B. Burch,* contra.

JENKINS, P. J.   When this case came formerly before this court on the pleadings alone, it was held that, "where a husband deposited in a bank a sum of money belonging to himself, in the name of his wife but with the understanding that all or any part thereof might be withdrawn either by himself or by his wife, but by no one else, thus reserving to himself a free right of withdrawal, but giving to the wife the same right, the effect was to make a joint deposit with the conditions stated attached thereto;" that, "where the deposit remained intact and nothing was withdrawn by either the husband or the wife, both of whom subsequently died, . . the bank was right in requiring the representative of the husband who in fact had owned the moneys to join in claiming the fund, in the absence of any appropriate proceedings to adjudicate their respective rights and interests;" and that "accordingly, the court erred in sustaining the demurrer to the defendant's plea and answer and in entering a judgment for the plaintiff," suing as administrator of the wife alone.   *First Nat. Bank of Thomasville* v. *Sanders,* 31 *Ga. App.* 789 (3) (122 S. E. 341).   In the subsequent trial of the case under the petition and plea it does not appear from any of the evidence that, at the time the husband made the original deposit with the bank, he designated the fund as belonging to himself, but it does appear by the undisputed evidence that the husband then entered the deposit in the name of the wife, and a pass-book and deposit slip were both made out to her alone, that the pass-book in her name was later posted by the bank, showing the amounts due to her as interest, and that after her death this pass-book was found in her trunk.   There was also evidence from the bank's cashier, admitted without objection, that the husband, several days after making the deposit to the credit of the wife, returned to the bank and requested that the deposit be arranged so that he as well as the wife could draw thereon, and that the bank accordingly then fixed the ledger and identification card so as to show the account as in the name of both the husband and the wife.   A verdict was rendered in favor of the plaintiff (the wife's administrator), and the bank, whose position appears to be merely a proper insistence that the fund be paid to the legal owners, moved for a new trial on the general grounds.

In view of all the facts and surrounding circumstances, a verdict sustaining the plea of a joint deposit as set up by the bank was not demanded; for while it is true that, had it appeared that the

husband at the time he made the deposit dealt with the fund as his own, and merely entered it for deposit in the name of his wife, such conduct on his part, unaccompanied by any act or declaration indicating an intention to donate the fund, would not alone be sufficient to prove a gift (12 R. C. L. 948, 952; *Smith* v. *Peacock,* 114 *Ga.* 691, 692, 40 S. E. 757; 88 Am. St. Rep. 53), still, since the deposit as originally made does not appear to have been other than a deposit by the wife, made through the husband, and since a pass-book is prima facie evidence of the state of an account of a depositor with a bank (*Bank of Lawrenceville* v. *Rockmore,* 129 *Ga.* 582, 587, 59 S. E. 291; *Moore* v. *Citizens Bank,* 21 *Ga. App.* 183 (1), 94 S. E. 90), the jury were authorized to find that the fund claimed in the petition belonged to the estate of the wife; and this is true irrespective of whether or not the evidence, unobjected to, as to the words and actions of the now deceased husband, subsequent to the time of making the deposit to the credit of the now deceased wife, in attempting to change the same, had any probative value as going to show an original joint deposit as alleged by the bank in its plea. The exceptions being limited to the general grounds, and the evidence not demanding a verdict sustaining the defendant's-plea, the court did not err in overruling the bank's motion for a new trial.

　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*