## CLARK *v.* BRIDGES, administrator.

1. The first question propounded by the Court of Appeals is answered in the negative.
2. Answer to the first question being in the negative, answers to the other questions are not desired by the Court of Appeals.

No. 5405.   JANUARY 14, 1927.

The Court of Appeals (in Case No. 16848) certified the following questions:

1. Where the mother of a minor child deposited the mother's money in a savings bank and received therefor the bank's unsigned deposit ticket, referring to the deposit as having been made by the mother "or" the child, and bearing (after the statement of

---

Gifts, 28 C. J. p. 627, n. 34; p. 630, n. 66; p. 633, n. 80; p. 634, n. 94; p. 636, n. 5; p. 639, n. 42; p. 643, n. 85; p. 644, n. 90; p. 664, n. 43, 46, 47, 49; p. 672, n. 64, 71.

the amount) the words "Payable to both or either, or the survivor, granting each to the other irrevocable power to draw on our joint or several names," the terms and language of such deposit ticket being in accordance with the understanding between the mother and the bank at the time she made the deposit, and where the bank issued also to the mother its pass-book showing such deposit, which pass-book was never in the possession of any other person during the remainder of her life, but which book the bank did not require to be presented with checks as a condition to their payment, and the mother, but no other during her life, drew checks on the account which the bank paid, and where it does not appear that the child or any one except its mother and the agents of the bank knew of such deposit until after the mother's death, and where the mother died intestate, leaving heirs other than the child referred to, and there remained in the bank at that event a substantial balance of the fund so deposited, which balance was thereafter withdrawn from the bank by check by the child's guardian, would these facts and circumstances, without more, authorize the inference that such balance of the fund was the property of the child after having been so withdrawn from the bank by the child's guardian?

2. Would the facts and circumstances stated above, without more, when duly proved in the trial of a case in which the controlling question was whether such balance of the fund was the property of the child after it had been so withdrawn from the bank by the child's guardian, be any evidence showing that the deposit "was intended as a gift to the child in the event of the death" of the mother?

3. Where a case in which the controlling question was whether such balance of the fund was the property of such child after having been so withdrawn from the bank by the child's guardian was tried before a jury in a superior court, and the presiding judge directed a verdict in favor of the affirmative of this question, would a ground of a motion for a new trial by the losing party, which complained merely as follows, to wit, that the court erred in directing the verdict without evidence showing that the deposit "was intended as a gift to the child in the event" of the mother's death, allege cause for a new trial, where, although the verdict as directed

may not have been demanded as a matter of law, there was yet some evidence that the deposit was intended as such a gift?

(a) Would such ground of the motion show cause for a new trial, where, although the verdict as directed may not have been demanded as a matter of law, and although there may have been no evidence that the deposit was intended as such gift, the verdict was nevertheless *authorized* by the evidence under some theory?

4. Would the facts and circumstances stated and referred to in question 1 above, without more, demand, as a matter of law, the inference that such balance of the fund was the property of the child after having been so withdrawn from the bank by the child's guardian?

*J. S. Watkins,* for plaintiff in error.

GILBERT, J. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof." Civil Code (1910), § 4144. "If the donation be of substantial benefit, the law presumes the acceptance, unless the contrary be shown. A parent, guardian, or friend may accept for an infant. The officers of a corporation accept for it." § 4145. "Actual manual delivery is not essential to the validity of a gift. Any act which indicates a renunciation of dominion by the donor, and the transfer of dominion to the donee, is a constructive delivery." § 4147. "The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent shall create a presumption of a gift to the child. This presumption may be rebutted by evidence of an actual contract or lending, or from circumstances from which such a contract may be inferred." § 4150. "To make a valid gift, there must be a present intention to give, and a complete renunciation of right, by the giver, over the thing given, without power of revocation, and a full delivery of possession as a gift, inter vivos." *Mims* v. *Ross,* 42 *Ga.* 121.

Our attention is directed to the following cases and law, by the Court of Appeals: *Hargrove* v. *Turner,* 112 *Ga.* 134 (37 S. E. 89, 81 Am. St. R. 24) ; *Smith* v. *Peacock,* 114 *Ga.* 691 (40 S. E. 757, 88 Am. St. R. 53) ; *Jackson* v. *Gallagher,* 128 *Ga.* 321 (57 S. E. 750) ; *Knight* v. *Jackson,* 156 *Ga.* 165 (118 S. E. 661) ; *Helmer* v. *Helmer,* 159 *Ga.* 376 (125 S. E. 849, 37 A. L. R. 1137) ;

*First Nat. Bank* v. *Sanders,* 31 *Ga. App.* 789 (122 S. E. 341), same case, 33 *Ga. App.* 615 (127 S. E. 658) ; Ga. Laws 1919, p. 208, art. 19, § 39; Harris Banking Co. *v.* Miller, 190 Mo. 640 (89 S. W. 629, 1 L. R. A. (N. S.) 790, and note) ; Schippers *v.* Kempkes (N. J.), 67 Atl. 74, 12 L. R. A. (N. S.) 355, and note; Deal *v.* Merchants &c. Bank, 120 Va. 297 (91 S. E. 135, L. R. A. 1917C, 548, and note) ; Negaunee Nat. Bank *v.* LeBeau, 195 Mich. 502 (161 N. W. 974, L. R. A. 1917D, 852) ; McKinnon *v.* First Nat. Bank, 77 Fla. 777 (82 So. 748, 6 A. L. R. 111) ; 28 C. J. 664. In addition to the above authorities, we could cite an extraordinarily large number in other jurisdictions; but since all of the cases are dependent upon slightly varying facts, we will call attention to only the following: Simpkins *v.* Old Colony Trust Co. (Mass.), 151 N. E. 87; Thomas *v.* Lewis, 89 Va. 1 (15 S. E. 389, 18 L. R. A. 170, 37 Am. St. R. 848) ; Pace *v.* Pace, 107 Miss. 292 (65 So. 273) ; Burrows *v.* Burrows, 240 Mass. 485 (137 N. E. 923, 20 A. L. R. 174) ; Goodson *v.* Liles, 209 Ala. 335 (96 So. 262). These cases deal with a wide variety of facts from which it was necessary to determine the intention of the donor. Among the inferences to be drawn from the delivery or nondelivery of bank books are, whether the bank was a commercial or savings bank, and whether the presentation of the book was necessary in order to withdraw money on deposit. In the main the distinguishing facts necessary to show a gift of the character now in question are almost identical with the sections of the Code above quoted. It is generally settled that there must be a present intention to give, full completion and execution of the gift by the donor, and acceptance of the gift by the donee, and furthermore that the donor must have renounced all dominion over the subject-matter of the gift, in order to make the transaction binding; but constructive delivery and presumptive acceptance may be sufficient. The facts stated in the question show that the donee had no knowledge of the deposit of the money in the bank by the donor; but the gift being beneficial to the donee, and the donee being the child of the donor, acceptance, notwithstanding that fact, may be presumed, though this presumption is rebuttable. The cases are practically unanimous that a deposit of money in a bank made subject to check by the third party is not an irrevocable surrender

of dominion over the fund to said third party, the depositor retaining the right to withdraw any portion or all of the sum, thus removing the sum so that the third party is unable to exercise authority or dominion.

In this case the question states that the terms of the deposit, as understood by the donor and the bank, made the right of a third party to check on the account "irrevocable." Nothing else appearing, this would lend color to the theory that the depositor had presently surrendered all dominion over the deposit. It appears, however, that the depositor retained for herself unlimited right to check against the account. This would include the right to withdraw the deposit altogether, thus removing it from any dominion by the third party. In this particular the transaction fails to measure up to the legal requisites of a valid gift as provided under our law. The fact, as stated in the question, that after the death of the mother the guardian of the child withdrew the money on deposit, does not alter the legal question involved. If the facts of the case show that the mother did not unconditionally and completely surrender dominion over the deposit during her life, the fact that it was actually withdrawn after her death would not change the legal status of the deposit.

Section 39 of the act of 1919 (Ga. Laws 1919, at page 208) has reference to the liability of the bank as to such a deposit, making it lawful for the bank to pay either party under such circumstances, and providing that the "receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made." It does not affect the right of the property as between the parties; that is, between the depositor and the third person claiming the deposit. It has no applicability to the title to the money as between the depositor and the third party.

We answer, therefore, the first question in the negative. Answers to the other questions are not desired by the Court of Appeals, since the answer to the first question is in the negative.

*All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*