150

## 19766.   MACON NATIONAL BANK v. SMITH.

Decided July 9, 1929.   Rehearing denied July 31, 1929.

*Hall, Grice & Bloch, Ryals, Anderson & Anderson,* for plaintiff in error.

*R. D. Feagin,* contra.

Luke, J.  On December 8, 1927, a summons of garnishment based upon a pending suit brought by J. A. Smith against General Sprayer Company was served on Macon National Bank.  On March 5, 1928, the bank answered the summons of garnishment, stating that it had no property, money, or effects of General Sprayer Company, and was not indebted to it in any sum, either at or since the time of the service of the summons of garnishment, "except $1456.64 on deposit;" and that "defendant was indebted to garnishee in an amount much larger than the above sum, and garnishee applied the above amount held on deposit against defendant's debt to it, and therefore it is not indebted, and so answers."  On March 24, 1928, plaintiff traversed the said answer and averred that "the garnishee was indebted to the defendant when said garnishment was served, and the garnishment is a lien on said money to the extent of $1456.64, superior to any claim of the garnishee." Plaintiff obtained a judgment for $1803.48 against General Sprayer Company in the main case on January 25, 1929; and on March 23, 1929, the judge, without the intervention of a jury, found the said deposit subject to the garnishment.  The garnishee duly excepted to this judgment.  Was it error?

The gist of the evidence follows:  Plaintiff introduced the execution in the main case.  Persons Heath, vice-president of Macon National Bank, sworn for plaintiff, testified that though General Sprayer Company had the said deposit in said bank as a checking account on December 8, 1927, the bank held the said company's note for $12,000, dated October 22, 1927, due January 20, 1928, indorsed by C. B. Clay, and secured by $14,065.62 worth of collateral notes taken October 22, 1927, and immediately turned back

to General Sprayer Company under a trust receipt to be collected for garnishee; that in the latter part of October, 1927, General Sprayer Company mortgaged virtually all its assets, amounting to about $80,000, and the bank became dissatisfied with its note, and witness asked Mr. Clay what it meant; that Mr. Clay said that as indorser on the note he would see that the bank was taken care of; that when said garnishment was served, witness told Mr. Clay that he doubted his ability to take care of the bank, and that the bank would only pay out said deposit on its said note; that on December 14, 1927, the bank procured $4,534 worth of notes as additional collateral on its said $12,000 note, and "let things rest as they were;" that the said notes were also turned over to General Sprayer Company under a trust receipt; that witness did not consider the collateral notes to be worth anything like their face value; and that said $12,000 note was paid in full on January 23, 1928, "except for the credit," i. e., said deposit, and that said deposit was then actually applied on said note. Here plaintiff introduced in evidence the said collateral notes given garnishee on October 22, 1927, with trust receipt from General Sprayer Company, and the "bank sheet," showing said deposit of $1456.64 to be in the bank on December 8, 1927.

Mr. Jackson testified that as credit manager of Cotton States Fertilizer Company on December 8, 1927, it became his duty to collect a large mortgage indebtedness due his company by General Sprayer Company, and that he was thoroughly familiar with the General Sprayer Company "in so far as their receivables were concerned;" that on December 8, 1927, its total assets would not exceed $100,674.71, and that its liabilities amounted to at least $110,-000, and that witness considered it then insolvent; and that he did not know the financial standing of Mr. C. B. Clay. Mr. Kinnett, assistant treasurer of General Sprayer Company, sworn for garnishee, testified that he was familiar with the book values of his company on December 8, 1927, and that he "figured the assets worth about $100,000, and the liabilities at about $113,000 or $114,-000, as shown by the books;" that up to December 8, 1927, $995.05 had been collected on said collateral notes and placed on the account of General Sprayer Company in Macon National Bank. Here the garnishee introduced in evidence the said $12,000 note, dated October 22, 1927, due ninety days from date, indorsed by

C. B. Clay, and containing the following stipulation: "Each of us further agrees that any and all deposits due by said bank to either of us, may at all times be considered by said bank as collateral to this loan, and may be applied at any time by said bank in whole or part payment of this loan. In which event the said bank shall rebate interest at the same rate as charged." The garnishee introduced also the said trust receipt of October 22, 1927, and December 14, 1927, with a list of collateral paper covered by each receipt, amounting in all to $18,599.75. The garnishee next introduced in evidence a transcript from the books of Macon National Bank, showing the money deposited and the money checked out by General Sprayer Company from November 19, 1927, to December 8, 1927. The last deposit was $413.65, made on December 8, 1927. Eighteen checks ranging from $1 to $2,000 were drawn during December 1927. On December 6, 1927, $322.38 was checked out by three separate checks; on December 7 a check for $55.35 was cashed; and on December 8 one check for 50 cents and two for $1 each were cashed. The last item shown to have been drawn out was the deposit of $1456.64, which is the subject-matter of this action. The balances of General Sprayer Company at said bank ranged from $5,725.39 on November 19, 1927, to $1456.64 on January 23, 1928.

Plaintiff in error contends that the judgment finding the said deposit subject to the garnishment was error, because: (1) Said note of October 22, 1927, "created a lien or right against the money of General Sprayer Company in said bank in favor of Macon National Bank, superior to the lien of J. A. Smith." (2) General Sprayer Company was insolvent, and therefore the bank's claim to said deposit was superior to that of J. A. Smith under his garnishment proceedings. (3) "By the terms of the note of October 22, 1927, and under the undisputed evidence of the case, the deposits made by General Sprayer Company in the Macon National Bank were collateral securities to the note aforesaid, and were therefore not subject to the process of garnishment." Exception is also taken to the refusal of the court to allow the witness Heath, after he had testified to the facts bearing upon the insolvency of General Sprayer Company, to state whether he considered General Sprayer Company insolvent at the time of the service of the summons of garnishment. This was not reversible error. The court was trying the case without a jury; the facts tending to show

the financial condition of General Sprayer Company had been testified to by the witness; and the witness Jackson subsequently swore: "It is my opinion that the General Sprayer Company was insolvent." The time referred to by this witness was December 8, 1927, the date of the service of the summons of garnishment.

It appears from the record in this case that the bank's $12,000 note was indorsed by a man who was never shown to be insolvent, and was secured by collateral notes amounting to $18,600.35, the value of which does not clearly appear. It further appears that said deposit was not actually applied to the bank's unmatured note until long after the garnishment was served on the bank. It is also true that after the deposit had been applied thereon, the note was paid practically on its due date. It appears quite likely that had the garnishee answered fully, and awaited the judgment of the court before attempting to apply the deposit on its note, that note would have been promptly paid in full without application of the deposit on it, and that J. A. Smith could have applied the deposit on his judgment.

The rights of the parties to this controversy are equitable in their nature, and we do not think that our affirmance of the judgment of the court below violates either the provision quoted from the $12,000 note, or section 4349 of the Civil Code (1910), which reads as follows: "If a plaintiff resides without this State, or is insolvent, the defendant may set off against him a debt not due, under such equitable terms as may be prescribed by the court." Furthermore, we are quite sure that the conclusion we have reached is in accord with the garnishment laws of this State.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*