## 19766. MACON NATIONAL BANK *v.* SMITH.

LUKE, J. "'1. If a bank receives a promissory note for a loan of money from a person carrying a deposit account with the bank, the note being secured by the indorsement of a third person and the pledge of certain other promissory notes payable to the pledgor, and the note contains the clause, 'Each of us further agrees that any and all deposits due by said bank to either of us may at all times be considered by said bank as collateral to this loan, and may be applied at any time by said bank in whole or part payment of this loan,' such clause in the note will operate from the date of the note to transfer the account as collateral security as it existed at the date of the transaction, and as it may exist at any time prior to payment of the secured note, and will give to the bank priority over a garnishing creditor of the maker of the note, for the amount of the deposit account as it existed on the date of service of the summons of garnishment, accomplished subsequently to the date of the note and prior to its maturity.

"2. If the promissory notes pledged as collateral security, which were returned to the pledgor on payment of the secured debt after its maturity, could in any circumstances be reached by the process of garnishment served upon the pledgee, before surrender of the notes, they could not be so reached by the ordinary statutory garnishment without the aid of equitable pleadings.

"3. Under application of the foregoing principles, the Court of Appeals erred in affirming the judgment of the trial court rendered against the garnishee.

4. The above-stated rulings were made by the Supreme Court, and under them the former decision of this court in this case (40 *Ga. App.* 150, 149 S. E. 172), affirming the judgment of the trial court against the bank as garnishee on account of returning the collateral securities to the common debtor, is vacated, and that judgment is now reversed. For the full decision of the Supreme Court, see *Macon National Bank* v. *Smith,* 170 *Ga.* 332 (153 S. E. 4).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 14, 1930.

*Hall, Grice & Bloch, Ryals, Anderson & Anderson,* for plaintiff in error. *R. D. Feagin,* contra.