## 21281. DANIEL v. GEORGIA STATE BANK, etc.

STEPHENS, J. 1. When a bank has been taken over by the superintendent of banks for the purpose of liquidation, as provided in article 7, section 5 of the banking act of 1919 as amended, the assets of the bank become a trust fund for the benefit of all the creditors of the bank, and a debtor of the bank can not, by subsequently purchasing an account of a depositor, have it set off at its face value against his own indebtedness to the bank. *Alexander* v. *Peebles*, 144 *Ga.* 78 (86 S. E. 231).

2. Although the profits derived from a partnership may be subject to distribution among the individual members of the partnership, they nevertheless constitute partnership assets until so divided, and where they are deposited in a bank in the name of the partnership, one of the individual partners can not, in a suit against him in behalf of the bank to recover his individual indebtedness to the bank, set off his proportionate share of the partnership assets. *Metcalf* v. *Peoples Grocery Co.*, 24 *Ga. App.* 663 (101 S. E. 768).

3. Neither the superintendent of banks nor the liquidating agent of the bank had the right to consent to the set-off indicated in paragraph 2 above.

4. In this suit by the superintendent of banks to recover on a promissory note, the court did not err in sustaining the demurrer to the defendant's plea as amended.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1932.

*M. U. Mooty,* for plaintiff in error. *E. T. Moon,* contra.