23144. SMITH *v.* GORMLEY, superintendent of banks.

DECIDED NOVEMBER 11, 1933.

*Hay & Forester,* for plaintiff in error.

*Alexander & Jones, D. M. Parker,* assistant attorney-general, contra.

BROYLES, C. J. R. E. Gormley, as superintendent of banks, having, in his official capacity, taken possession of the Bank of Thomasville for the purpose of liquidation, filed a suit on a promissory note for $505.07, executed by J. E. Smith Sr. and J. E. Smith Jr., and payable to said bank. Smith Jr. made no defense. Smith Sr. filed an answer, in which he claimed no indebtedness, by reason of the fact that he had the sum of $1000 on deposit in the savings department of the bank, the deposit being in the name of his wife, Mary E. Smith, and the pass-book being issued in her name by his request. The answer further alleged that Smith Sr. had the said amount transferred to the savings department from his regular checking account, and that he had an agreement with the cashier of the bank that the bank would honor and pay checks drawn on said savings account and signed by him; that at all times after the money was deposited in the savings department he had the pass-

book in his possession; that the pass-book contained a provision that it "shall be the voucher of the depositor and the bank shall not be liable nor called upon to make payment unless it is presented at the counter;" that Mrs. Smith never had possession or control or knowledge of the account or the pass-book until after the bank and its assets were taken possession of by the superintendent of banks; that it was never his intention to lose control over the money so deposited, and that he had the right, which was understood by the officials of the bank, to check on the fund as he pleased; that he should "be allowed to set off the amount which plaintiff is seeking to recover, against the money which he has in the savings department of the bank in the name of Mrs. Mary E. Smith." The answer was stricken on demurrer, and, subsequently, judgment was entered in favor of the plaintiff for the full amount sued for. The defendant excepted to both judgments.

The controlling question in the case is whether, under the facts set forth in the answer (the plea being construed most strongly against the defendant), the deposit in the savings department of the bank was a joint deposit made for the benefit of both Smith and his wife. This court has held as follows: "Where a husband deposited in a bank a sum of money belonging to himself, in the name of his wife but with the understanding that all or any part thereof might be withdrawn either by himself or by the wife, but by no one else, thus reserving to himself a free right of withdrawal, but giving to the wife the same right, the effect was to make a joint deposit with the conditions stated attached thereto. Had the money been thus withdrawn by the wife or by the husband, as in *Moore* v. *Citizens Bank of Ashburn,* 21 *Ga. App.* 183 (2) (94 S. E. 90), the bank, under such conditions would in such disbursement have been protected against a suit by the legal representative of the other [one of them having died]; but where the deposit remained intact and nothing was withdrawn by either the husband or the wife, both of whom subsequently died, the title to such moneys vested jointly in the estates of the husband and the wife. Under the banking act of 1919, article xix, section 39 (Ga. L. 1919, p. 208), 'when a deposit has been made, or shall hereafter be made, in any bank transacting business in this State in the names of two persons, payable to either or the survivor, such deposit, or any part thereof, . . may be paid to either of said persons,

whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made.'" *First National Bank of Thomasville* v. *Sanders,* 31 *Ga. App.* 789 (3) (122 S. E. 341).

It is true that in the instant case the defendant alleged that his wife had no knowledge of the deposit, and no possession or control of the pass-book issued in her name. Such facts, however, are insufficient to show that the deposit was not a joint deposit and that the defendant's wife had no right to withdraw the money so deposited. The answer contains no allegation that the wife did not possess such a right. The test as to whether the deposit was a joint one, made for the benefit of both the husband and the wife, seems to depend upon whether, if either one had withdrawn the money, the bank would have been protected against a suit by the other. *Moore* v. *Citizens Bank of Ashburn,* supra. The facts, alleged in the instant case, that the wife'had no knowledge of the deposit and no control or possession of the pass-book are immaterial. The deposit and the pass-book were both in her name, and the answer, properly construed (most strongly against the defendant), clearly shows that had she presented the pass-book to the bank's officials she could have withdrawn the deposit, and the defendant could not have maintained an action therefor against the bank. The answer does not allege that the pass-book was concealed by the husband in some place that was inaccessible to the wife. He may have kept it in a bureau drawer at his residence, or even in the pockets of his coat or trousers; and, by common reports, such receptacles are not immune from the searches of inquisitive wives. In our opinion the answer shows a joint deposit, with certain conditions attached thereto which created a partnership interest in the sum deposited, and "although the profits derived from a partnership may be subject to distribution among the individual members of the partnership, they nevertheless constitute partnership assets until so divided, and where they are deposited in a bank in the name of the partnership, one of the individual partners can not, in a suit against him, in behalf of the bank to recover his individual indebtedness to the bank, set off his proportionate share of the partnership assets." *Daniel* v. *Georgia State Bank,* 44 *Ga. App.* 823 (2) (163 S. E. 315), and cit.

We think that the instant case is controlled by the principles of the foregoing decisions, and that the court properly struck the answer, on general demurrer. The answer having been stricken, the court did not err in rendering judgment in favor of the plaintiff for the full amount sued for.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., disqualified.*