35178. NASH, Administrator, *v.* MARTIN, Executrix, *et al.*

TOWNSEND, J. ■ Code § 13-2039, providing in substance that, when a bank deposit is made payable to either of two named persons or the survivor, such deposit may be paid to either of said persons whether the other is living or not, and the receipt of the person so paid shall be a valid and sufficient release and discharge to the bank for the payment made, has reference only to the liability of the bank as to such deposit, and does not affect the right to the property as between the parties. *Clark* v. *Bridges*, 163 *Ga.* 542, 546 (136 S. E. 444).

■ Where a deposit is made to an account of two persons which is "payable to either or the survivor," and one of such parties dies, and a contest arises between the executor or administrator of the deceased and the other party to the deposit, a question of fact arises as to which of the

parties to the deposit the fund belongs. See *Compton* v. *Hendricks,* 154 *Ga.* 808 (115 S. E. 654); *Clark* v. *Bridges,* supra. Also, where a deposit is made in the names of two persons jointly with no mention of right of survivorship, both of whom subsequently die, title to the fund vests jointly in the estates of the decedents, but in a contest between the administrators of such estates it may be shown that the fund in fact belonged to one of the parties to the exclusion of the other. *First Nat. Bank of Thomasville* v. *Sanders,* 31 *Ga. App.* 789 (3) (122 S. E. 341); s. c., 33 *Ga. App.* 615 (127 S. E. 658).

■ The common-law doctrine of survivorship among joint tenants was abolished by the Constitution of 1777. *Lowe* v. *Brooks,* 23 *Ga.* 325, 332. See also Code § 85-1002. However, as stated in *Equitable Loan & Security Co.* v. *Waring,* 117 *Ga.* 599 (9) (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177): "Joint tenancy, with its incident of survivorship, as it existed at common law, is abolished. While survivorship is not favored by the law of this State, and will never arise by operation of law, it is not prohibited; and when a contract provides for it in express terms, or by necessary implication, the law will allow the contract to be enforced." "Of course all presumptions are against such an intention; but where the contract or will provides, either in express terms or by necessary implication, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract or will dependent upon such doctrine may not become operative under the laws of this State." Id., p. 676.

■ Accordingly, where it appears here from the pleadings and stipulated facts upon which the trial court rendered judgment without the intervention of a jury, that Mr. and Mrs. M. E. Nash had on account with Decatur Federal Savings & Loan Association a deposit of $2,279.05, which account was opened by both parties executing a membership card that reads in part as follows: "Account No. 14691. (b) Membership of joint holders (with right of survivorship) of a share account. (1) Nash, Mr. M. E. (2) Nash, Mrs. M. E. The undersigned hereby apply for a membership and for a Savings Share Account in The Decatur Federal Savings and Loan Association, Decatur, Ga., and for the issuance of evidence of membership in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common"; and it appears that M. E. Nash died on December 2, 1952, and that Mrs. M. E. Nash died thereafter on August 6, 1953; and where the executrix of the estate of Mrs. Nash filed an action against the Decatur Federal Savings and Loan Association, seeking to recover the entire deposit, and the defendant answered to the effect that it held the fund for disbursement, but did not know which of the claimants to pay it to, and the administrator of the estate of M. E. Nash then filed an intervention, which was allowed, setting up the contention that the fund was held under a tenancy in common and not a joint tenancy—it follows that the sole issue for decision was whether, under the express wording of the membership card signed by the decedents, a joint tenancy was intended to be created, with the right of survivorship, and whether, if such was the intention of the parties, such procedure in this State has the effect so intended. The wording of the membership card is unambiguous, and

expressly provides that the account is held by virtue of a joint tenancy and not as a tenancy in common. Under the ruling in *Equitable Loan & Security Co.* v. *Waring*, supra, such a contract, while not favored, is enforceable in this State. Accordingly, the trial court did not err in entering judgment in favor of the executrix of the estate of Mrs. M. E. Nash, the survivor, for the full amount of the fund.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 12, 1954—REHEARING DENIED MAY 27, 1954.

*E. C. Harvey, Jr., E. T. Hendon, Jr.,* for plaintiff in error.
*Weekes & Candler, John W. Weekes, J. A. McCurdy,* contra.