38137.   BRANNEN *v.* CUBBEDGE *et al.*, Executors.

DECIDED FEBRUARY 16, 1960—REHEARING DENIED MARCH 18, 1960 —ADHERED TO ON SECOND MOTION FOR REHEARING APRIL 1, 1960.

*David H. Fritts,* for plaintiff in error.

*Robert E. Falligant,* contra.

GARDNER, Presiding Judge. This case is almost exactly like a case which was before the Court of Appeals, where questions were certified to the Supreme Court by the Court of Appeals. In response to the certified questions the Supreme Court said, in *Clark* v. *Bridges,* 163 *Ga.* 542 (136 S. E. 444) : " 'To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof' . . . It is generally settled that there must be a present intention to give, full completion and execution of the gift by the donor, and acceptance of the gift by the donee, and furthermore that the donor must have renounced all dominion over the subject matter of the gift, in or-

der to make the transaction binding. . . The cases [of our appellate courts] are practically unanimous that a deposit of money in a bank made subject to check by the third party is not an irrevocable surrender of dominion over the fund to said third party, the depositor retaining the right to withdraw any portion or all of the sum, thus removing the sum so that the third party is unable to exercise authority or dominion. . . It appears, however, that the depositor retained for herself unlimited right to check against the account. This would include the right to withdraw the deposit altogether, thus removing it from any dominion by the third party. In this particular the transaction fails to measure up to the legal requisites of a valid gift as provided under our law. . . If the facts of the case show that the mother did not unconditionally and completely surrender dominion over the deposit during her life, the fact that it was actually withdrawn after her death would not change the legal status of the deposit."

The trial court did not err in overruling the general demurrers and the special demurrers to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

TOWNSEND, Judge, concurring specially on rehearing. The petition, which is here on demurrer, recites that there is attached thereto as Exhibit B the signature card of the parties to the deposit. The motion to rehear quotes the contents of the signature card, and, if it is in fact attached to the petition, then the question becomes not one of gift but of contractual survivorship rights under an express written contract of joint tenancy, *Nash v. Martin,* 90 *Ga. App.* 235 (82 S. E. 2d 658) would control, and the petition would be subject to general demurrer.

I do not find "Exhibit B" attached to the petition in the record here or elsewhere in the record. Accordingly, in the absence of allegations relating to this contract, I concur in the decision as written.