43698.   GRANADE v. AUGUSTA FIRE DEPARTMENT
CREDIT UNION.

SUBMITTED JUNE 4, 1968—DECIDED JUNE 18, 1968—
REHEARING DENIED JULY 9, 1968.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher*, for appellant.

*McGahee & Plunkett, Jack E. McGahee*, for appellee.

HALL, Judge. The trial judge in directing a verdict for the plaintiff followed *Smith v. Gormley*, 47 Ga. App. 823, 825 (171 SE 735), because he considered it a binding precedent, though he questioned the fairness of its application in this case. *Smith v. Gormley*, supra, is a two judge decision which is not binding upon this court. Furthermore, it involved strict construction of pleadings to show facts that are not all the same as the evidence in the present case. Even if we consider the money to be a joint deposit of the defendant and his son, to follow the *Smith* case in holding this created a partnership would be obvious error; on the contrary, it created the relationship of joint tenants as to the deposit. *Sams v. McDonald*, 117 Ga. App. 336 (160 SE2d 594); *Sams v. McDonald*, 223 Ga. 53 (153 SE2d 538).

"A credit union is not an ordinary private corporation for profit, but is organized under special statutory provisions to promote thrift among, and provide credit for, its members." 13 AmJur2d 146-147, § 4. Depositors in credit unions and building and loan associations are generally held to be creditors and thereby have a preference over the stockholders in cases of insolvency. 13 AmJur2d 248, § 112; 98 ALR 132.

"Ordinarily, where a deposit is made by one person in the name of another, the rights with respect to such deposit belong to the person in whose name the deposit is made, even though the latter is unaware of the deposit, and the bank may not dispute his title or rights. However, the credit given on the bank's books is only prima facie evidence of the rights of the person to whom the deposit was credited; and, generally speaking, money deposited to the credit of one person may be shown by the circumstances to belong to another. Persons having title to funds are not divested thereof by another's deposit of the money in a bank having notice of the true ownership of the funds, and it has been held that a deposit may be made in the name of a person other than the depositor and yet remain the property of the depositor, so that the bank is justified in recognizing his ownership, where the circumstances are such that the deposit has

not been put beyond his control." 9 CJS 597-598, § 287. See also *Bank of Oglethorpe v. Brooks,* 33 Ga. App. 84 (125 SE 600).

The evidence was sufficient to support, but did not demand, a finding that the deposit in the name of the defendant's son was the property of the defendant.

The trial court erred in directing a verdict for the plaintiff but did not err in denying the defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*