44165. SAMS, Executor v. FIRST NATIONAL BANK OF ATLANTA et al.

ARGUED JANUARY 9, 1969—DECIDED JANUARY 24, 1969.

*Sams & Sams, Augustine Sams,* for appellant.

*Weekes & Candler, John Wesley Weekes, Gary M. Sams, Mc-Chesney Jeffries,* for appellees.

EBERHARDT, Judge. █ There is no merit in appellant's contention that the account was not one of joint tenancy or that upon the death of one of the joint tenants the title to the whole of the funds in the joint account did not immediately vest in the survivor to the exclusion of the estate of the deceased tenant. *Code* § 13-2039; *Sams v. McDonald,* 223 Ga. 53 (153 SE2d 538), and citations; *Nash v. Martin,* 90 Ga. App. 235 (4) (82 SE2d 658); *Sams v. McDonald,* 117 Ga. App. 336 (160 SE2d 594). As was stated in our last case (p. 341): "[U]pon his death all the rights which Billups may have had in the account terminated, and it was wholly vested in Mrs. McDonald. Any change in the status of the account after [Billups' death by delivering the funds to the temporary administrator of his estate] was nugatory and could in no wise affect [Mrs. McDonald's] rights."

█ Although the executor pleads that there was inceptive fraud on the part of Mrs. McDonald which renders the contract of joint tenancy void, in that she promised Mr. Billups at the time the account was opened that she would use the funds therein solely for his benefit in the payment of medical, hospital and like expenses, but at the time of making the promise she had no intention of performing and had not performed, these allegations are pierced by the evidence presented and there is no question left for submission to the jury.

The executor asserts that Mrs. McDonald, being a cousin of Mr. Billups, occupied a confidential relationship with him, but it is well settled that mere kinship of this character gives rise to no confidential relationship. *Stephens v. Walker,* 193 Ga. 330, 332 (18 SE2d 537); *Crawford v. Crawford,* 134 Ga. 114 (1) (67 SE 673, 28 LRA (NS) 353, 18 AC 932); *Watkins v. Mertz,* 83 Ga. App. 115, 120 (62 SE2d 744); *Sams v. McDonald,* 117 Ga. App. 336, 343, supra.

Mrs. McDonald positively asserts in her affidavit that she had not made any promise to Mr. Billups, nor had he requested any of her in connection with the account, and further asserts that prior to his death no demand had been made upon her to do anything relative to making any withdrawals therefrom. This evidence was admitted without objection, is sufficient to pierce the "inceptive fraud" allegations, and shifted the burden to the executor to make a countershowing and demonstrate the existence of a genuine issue of material fact. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580). His effort so to do fails.

Even if the affidavits of Agnes and Oswald Billups relative to the account in DeKalb County Federal Savings & Loan Association could have any relevance here, they assert no more than that Mr. Billups had stated in the hospital that "Katie was to pay the bills," and that when the hospital, nursing and doctors' bills were presented they then stated to Mrs. McDonald that these were to be paid out of the account, whereupon she replied that she knew nothing of Mr. Billups' money and account. They also asserted that on an occasion when they were in Billups' home he stated to them that he had placed Mrs. McDonald's name on the joint account so that she could make withdrawals for paying his expenses during his illness. This falls far short of proving the existence of any *promise* on Mrs. McDonald's part to make withdrawals from the account or so to use the funds. The same is true of the affidavit of Nova Scott. Nor do these affidavits prove any demand on Mrs. McDonald prior to Billups' death that she do so. The mere fact that Agnes and Oswald Billups had *stated* to Mrs. McDonald that the hospital, bills, etc., were to be paid by her from the account is not

a demand that she do so, and if it had been in the form of a demand nothing discloses that these affiants were in any legal position to make the demand on her. Neither of them had any interest in the account. Neither appears to have held any power of attorney or other authority from Mr. Billups authorizing him or her to make any demand on Mrs. McDonald. No demand by them on her could have any legal effect unless they could show their right or authority to make it. *Gould v. Small*, 121 Ga. 747, 748 (49 SE 723). A demand is an imperative request preferred by one person to another, under a claim of right, requiring the latter to do or to yield something or to abstain from some act. Zimmerman v. Hicks, 7 F2d 443, 445; Norwood Nat. Bank v. Piedmont Pub. Co., 106 S. C. 472 (91 SE 866). A demand properly made as to form, time and place, is effective when made by one lawfully authorized to make it. Foss v. Norris, 70 Me. 117.

A directed verdict for Mrs. McDonald would be authorized if the case were being tried before a jury on this evidence, and since the grant of a motion for summary judgment is analogous to the grant of a motion for a directed verdict, it was proper to enter a summary judgment in her favor. *Camp v. Fulton County Medical Society*, 219 Ga. 602 (1) (135 SE2d 277).

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*