45468. LEONAS, Executrix v. JOHNSON.

EBERHARDT, Judge. The petition alleges that Mrs. John Johnson (Mrs. Beulah Johnson) made savings and checking deposits of money in banks in the names of "Mr. or Mrs. John Johnson," or of "Mr. John Johnson or Mrs. Beulah D. Johnson." She made a will February 10, 1970, bequeathing all cash on hand and deposited in savings or checking accounts to her three sisters

and named one of them as executrix of the will. Prior to her death on February 13, 1970, a total of $21,168.21 had been deposited in the joint accounts, but the husband effected a withdrawal of the entire amount so that at the time of her death no funds remained in any of them. The will was probated and the executrix made demand on Mr. Johnson for the funds, asserting that the deceased had created the deposits from funds wholly her own and in which the husband had no interest; and upon his refusal to account for the funds this action was brought, seeking judgment for the full amount of the several deposits and for a receiver to locate and take charge of the funds. A motion to dismiss on the gound that the petition stated no claim upon which relief could be granted was sus-. tained and plaintiff-executrix appeals. *Held:*

1. This court has jurisdiction of the appeal. *Albright v. American Central Ins. Co.,* 147 Ga. 492 (94 SE 561).

2. While a bank in which a deposit has been made in the names of two or more people is protected under *Code* § 13-2039 in paying out all or any portion thereof to either of the persons in whose name the deposit may have been made, this Code section is primarily for the protection of the bank and does not conclude the matter of ownership as between the depositors themselves.[1] *Clark v. Bridges,* 163 Ga. 542, 546 (136 SE 444); *Nash v. Martin,* 90 Ga. App. 235 (82 SE2d 658). Whether a joint tenancy, a tenancy in common, or some other relationship was intended to be created by the depositors as between themselves will appear from a contract, express or implied, between them, and this may be shown by circumstances such as the language on the signature card creating the deposit and indicating who is authorized to withdraw funds therefrom. *Taylor ·v. C. & S.*

[1]There is statutory provision making the deposit a joint tenancy as to persons in whose names joint deposits are made in savings and loan associations, and this is not made dependent upon a contract therefor between them. *Code Ann.* § 16-431. And see *Sams v. McDonald,* 117 Ga. App. 336 (160 SE2d 594); *Spivey v. Methodist Home of the South Ga. Conference,* 226 Ga. 100 (172 SE2d 673).

*Bank of Ga.,* 226 Ga. 15 (172 SE2d 617); *Sams v. First Nat. Bank of Atlanta,* 119 Ga. App. 96 (166 SE2d 394). And see *Clark v. Bridges,* 163 Ga. 542, supra, s. c. 36 Ga. App. 377 (136 SE 825); *Bowen v. Holland,* 182 Ga. 430 (185 SE 720); *Guest v. Stone,* 206 Ga. 239 (56 SE2d 247); *Jackson v. Jackson,* 206 Ga. 470 (57 SE2d 602); *Jackson v. Jackson,* 209 Ga. 85 (70 SE2d 592); *Culpepper v. Culpepper,* 18 Ga. App. 182 (89 SE 161); *Moore v. Citizens Bank of Ashburn,* 21 Ga. App. 183 (94 SE 90); *Wade v. Edwards,* 23 Ga. App. 677 (99 SE 160); *First Nat. Bank of Thomasville v. Sanders,* 31 Ga. App. 789 (3) (122 SE 341).

3. We have held many times that under the Civil Practice Act a petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief within the framework of his petition. *White v. Augusta Hotel Motel Investment Co.,* 119 Ga. App. 351 (2) (167 SE2d 161), and citations. The petition is sufficient to meet this test.

The judgment of dismissal in this case was upon a consideration of the pleadings alone. If the pertinent facts as to the relationship created by the deposits had been submitted in connection with a motion for summary judgment it might have appeared that a judgment for the defendant was demanded, as was true in *Sams v. First Nat. Bank of Atlanta,* 119 Ga. App. 96, supra, and in *Taylor v. C. & S. Bank,* 226 Ga. 15, supra, or it might have appeared that there are fact issues for jury resolution. In any event, we conclude that dismissal of the petition was error.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*
SUBMITTED JULY 8, 1970—DECIDED JULY 15, 1970.

*Charles R. Adams, Jr.,* for appellant.
*Culpepper & Culpepper, S. M. Culpepper,* for appellee.