## 57818. COPELAND v. PEACHTREE BANK & TRUST COMPANY.

McMURRAY, Presiding Judge.

This is an action by a depositor against a bank for failure to pay funds upon demand. It involves a savings account in which the plaintiff contends she was the owner of same and defendant had unlawfully seized, detained and diverted said account and funds to its own use. Plaintiff sought general damages consisting of the highest proven value of the savings account including interest from date of conversion to date of trial or that defendant be ordered to release to the plaintiff the full value of the account, plus interest. She also sought punitive damages in the amount of $50,000 to deter the defendant from future conduct of a like nature and for expenses of litigation in the amount of $7,500 plus costs.

The defendant answered generally denying the claim, but admitting jurisdiction, the existence of the savings account as a joint account by the plaintiff and her then husband based upon a joint signature card signed

jointly by plaintiff and her husband. Defendant also admitted the demand by plaintiff which was refused because the funds in the savings account had previously been assigned by plaintiff's husband to defendant to secure an indebtedness to the defendant. Defendant also alleged a defense of estoppel in that the plaintiff could not assert her claim for recovery as to the joint savings account.

The case was tried before the court without a jury, same having been waived, based upon a stipulation of facts entered into by and between the parties in regards to the establishment of the joint account and the depositions of the plaintiff and one of the officials of the bank. Judgment was rendered in favor of the defendant based upon the trial court's findings of fact and conclusions of law. Plaintiff appeals. *Held:*

1. The evidence shows clearly that the savings account was opened by the husband as a joint account and either husband or plaintiff had the right to withdraw funds from said savings account. See Code § 13-2039; *Leonas v. Johnson,* 122 Ga. App. 160, 161 (2) (176 SE2d 506); *Granade v. Augusta Fire Dept. Credit Union,* 118 Ga. App. 157, 158 (162 SE2d 870).

2. The evidence also shows that before the plaintiff had made an attempt to withdraw funds from said savings account her husband had made a valid assignment (Code Ann. § 109A-2—210 (Ga. L. 1962, pp. 156, 181)) of the savings account to defendant, and whatever rights or claims plaintiff may have regarding said funds are against him and not against the defendant. See *Clark v. Bridges,* 163 Ga. 542, 546 (136 SE 444); *Nash v. Martin,* 90 Ga. App. 235 (1) (82 SE2d 658).

3. Once the savings account had been assigned to the defendant another of the joint owners could not withdraw the funds from said savings account without permission of the assignee unless it waived or released its assignment. Under the circumstances the defendant could legally refuse to honor any request or demands for withdrawal by either the husband or the plaintiff in view of the assignment and security for the loan. See *Ga. Bank &c. Co. v. Hadarits,* 221 Ga. 125 (143 SE2d 627). Compare *Andrews v. Citizens Bank,* 139 Ga. App. 763 (229 SE2d

501).

4. Thereafter defendant's action in regards to this savings account wherein it permitted plaintiff's husband to withdraw said funds upon its waiver or release of the assignment to the husband as one of the owners of said joint savings account and to apply said funds against his loan balance with defendant was lawful. Said actions were taken in reliance upon the written agreement rights and obligations contained in the signature card agreement and assignment. Defendant's conduct in refusing to pay to the plaintiff did not constitute conduct authorizing an assessment of general or punitive damages or expenses of litigation. See Code § 13-2039, supra; *Spurlock v. Commercial Banking Co.,* 138 Ga. App. 892, 900 (227 SE2d 790); *Macon Nat. Bank v. Smith,* 170 Ga. 332 (152 SE 902) s.c. 41 Ga. App. 438 (153 SE 446); *Taylor v. C. & S. Bank,* 226 Ga. 15, 18 (172 SE2d 617); *Leonas v. Johnson,* 122 Ga. App. 160, supra; *Granade v. Augusta Fire Dept. Credit Union,* 118 Ga. App. 157, supra.

5. The above rulings dispose of each and every one of the enumerations of error here inasmuch as they are not meritorious.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED JUNE 7, 1979.

*Stowers, Roane & Carley, Hilton M. Fuller, Jr., Grier G. Newlin, II,* for appellant.

*Jones, Bird & Howell, Arthur Howell, III,* for appellee.